■ In the Matter of JAMES E. BADURA et al., Respondents, v FRANK GUELLI et al.; Constituting the Town Board of the Town of Walworth, Respondents, and MARK VOELCKERS, Appellant. — Order unanimously affirmed, with costs. Memorandum: At issue on this appeal is the validity of a resolution of the Walworth Town Board that rezoned appellant's 52-acre parcel of land from residential to industrial in order to permit him to relocate his automobile

salvage business. Special Term reserved decision on plaintiffs' motion and defendants' cross motion for summary judgment, found that defendant Town of Walworth did not comply with the requirements of the State Environmental Quality Review Act (SEQRA; ECL art 8), and remitted the matter for proceedings pursuant to the requirements of SEQRA. We affirm. An Environmental Impact Statement (EIS) must be prepared in any action which may have a significant effect on the environment (ECL 8-0109, subd 2). This court has recognized that an EIS is an " 'alarm bell' whose purpose is to alert responsible public officials to environmental changes before they have reached ecological points of no return" (*Matter of Town of Henrietta v Department of Environmental Conservation of State of N. Y.*, 76 AD2d 215, 220). An action to rezone from residential to industrial is designated by the regulations as "Type I" for which an EIS is required (6 NYCRR 617.12 [b] [1]). Since the Town Board of Walworth failed to prepare an EIS, Special Term correctly remitted the matter for further proceedings because literal rather than substantial compliance with SEQRA is required (*Matter of Rye Town/King Civic Assn. v Town of Rye*, 82 AD2d 474, 482, mot for lv to app dsmd 56 NY2d 985). We also conclude that the town board did not take a "hard look" at the potential environmental impact of appellant's business on a great blue heron rookery only one-half mile from the proposed site, and a freshwater wetland 100 feet from the north edge of the tract (*H.O.M.E.S. v New York State Urban Dev. Corp.*, 69 AD2d 222, 232; see, also, 6 NYCRR 617.11). The town board therefore, has not engaged in the finely tuned and systematic balancing analysis that is mandated by the SEQRA (*Matter of Town of Henrietta v Department of Environmental Conservation of State of N. Y., supra*) and there can be no implementation of the rezoning resolution until the requirements of the SEQRA are met (*Matter of Tri-County Taxpayers Assn. v Town Bd. of Town of Queensbury*, 55 NY2d 41). (Appeal from order of Supreme Court, Wayne County, Siracuse, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.