■ In the Matter of the KIRK-ASTOR DRIVE NEIGHBORHOOD ASSOCIATION et al., Appellants, v TOWN BOARD OF THE TOWN OF PITTSFORD, Respondent, and GARY F. DEBLASE et al., Intervenors-Respondents. — Judgment unanimously reversed, with costs, in accordance with the following memorandum: Petitioners seek to nullify the action of the Pittsford Town Board in rezoning 64 acres of vacant land from B-Residential (allowing multiple dwellings, etc.; see Pittsford Town Code, § 15-25, subd [4]) to High Technology Manufacturing and Office Park District (Pittsford Town Code, § 15-235 *et seq.*), a new classification simultaneously created by a text amendment to the town zoning ordinance. The intervenors (developers) sought the amendment and rezoning. Petitioners contend that the Town Board violated the requirements of the State Environmental Quality Review Act (ECL art 8 [SEQRA]) by failing to take a "hard look" at the specific development proposed for the site and give "early consideration" to potential adverse impacts of the proposed development and to prepare an environmental impact statement (EIS) and by declaring itself to be the "lead agency" under SEQRA responsible for conducting the environmental review. The town argues that its environmental review was extensive and complete and that at this stage the "project" was not ripe for a detailed environmental analysis which would be more appropriate during the site plan approval process.

It is undisputed that the rezoning constituted a Type I action within the meaning of the regulations implementing SEQRA likely to require an EIS (6 NYCRR 617.12 [b] [2], [3]). We agree with Special Term that the Town Board properly declared itself to be the lead agency (ECL 8-0111, subd 6; 6 NYCRR 617.6 [c]) and that no conflict of interest on the part of the Town Attorney existed. We find that Special Term erred, however, in holding that "when the subject [of the action] is the adoption of a zoning amendment as distinguished from the approval of a specific site plan * * * the impact determination to be made is not that of no use versus technology manufacturing and office use but rather is that of high density residential versus high technology manufacturing and office use." In our view, the Town Board action under SEQRA must encompass the impacts associated with the actual change in use from undeveloped land to a high technology park as proposed by the developers.

The rezoning here is only one step in the process which will culminate in the final development of the property; it commits the Town Board, however, "to a definite course of future decisions" (6 NYCRR 617.2 [b] [2]; see *Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 46; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 371, affd 62 NY2d 965) which are reasonably likely to result from and are dependent on zoning approval. Under law, consideration must be given at the earliest possible time (ECL 8-0109, subd 4) to the impacts which "may be reasonably expected to result from the proposed action" (6 NYCRR 617.12 [a]), including impacts resulting from any long-range plan of which the action under consideration is a part (6 NYCRR 617.11 [b]; see *Onondaga Landfill Systems v Flacke,* 81 AD2d 1022). Environmental review of the entire project is required before " 'any significant authorization is granted for a specific proposal' " (*Matter of Programming & Systems v New York State Urban Dev. Corp.,* 61 NY2d 738, 739). In sum, even though environmental review may be required at the time application is made for specific site plan approvals (see 6 NYCRR 617.2 [b]), the Town Board must identify at the rezoning stage the relevant areas of environmental concern associated with the project. It must take a "hard look" at the impacts of the specific project proposal that prompted the application for rezoning at least on a conceptual basis (see *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222).

In their application for rezoning the developers submitted a project information form (PIF) which was properly used by the Town Board to assist it in its initial determination of environmental significance or nonsignificance (6 NYCRR 617.2 [l];

617.3 [d]). The PIF was essentially identical to Part I of the model environmental assessment form (EAF) found in the regulations (6 NYCRR 617.19 [a]). The developers, however, failed to provide complete information relating to water table, soil, surface water runoff, plant and animal life and other aspects of the proposed development. Despite the deficiencies in the PIF, the Town Planning Board completed a PIF review, apparently intended as a substitute for Part II of the model EAF, which requires identification of project impacts by type, magnitude and significance. The review undertaken by the Planning Board, however, did not include the detail required of an EAF; specific questions appearing in the model form were not answered and incomplete information was provided. From the PIF review the Town Board could not generally determine whether the project would have any significant environmental impact.

The Town Board's negative declaration addressed the criteria for making a determination of significance listed in section 617.11 of the regulations and described mitigation measures as required by Part III of the model EAF. However, its conclusions are not supported by the record due to the limited information before it and its failure to evaluate the potential impacts in the detailed, systematic fashion envisioned in Part II of the model EAF. In view of these deficiencies we conclude that the decision of the Town Board to issue a negative declaration was arbitrary and capricious.

The record reflects that the zoning change qualifies as a Type I action which may ultimately result in the development of more than 50 acres of woods, meadow and brushland. We note that the threshold as to whether a Type I action requires an EIS is a low one (*H.O.M.E.S. v New York State Urban Dev. Corp.*, 69 AD2d 222, 232, *supra*). However, in view of the deficiencies appearing in the record and the discretion vested in the Town Board to make the determination of environmental significance, we do not find it appropriate at this time to "determine whether an EIS must be filed" (*Matter of Schenectady Chems. v Flacke*, 83 AD2d 460, 463).

Accordingly, the judgment is reversed, the resolution approving rezoning annulled and the matter remitted to the Town Board to make a proper determination of environmental significance. (Appeal from judgment of Supreme Court, Monroe County, Siracuse, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., O'Donnell, Moule and Schnepp, JJ.