■ In the Matter of F. ROBERT BREW, JR., Respondent, v JOHN H. HESS et al., Constituting the Town Board of the Town of Claverack, Appellants, et al., Respondents.—Weiss, J.

Petitioner commenced this CPLR article 78 proceeding seeking to nullify the action of the Town Board of the Town of Claverack (Board) in rezoning approximately 41 acres of vacant land from "Rural Recreation Residence" to a "Mobile Home Park" classification. Petitioner's property abuts the area rezoned. At a Board meeting on May 13, 1985, respondent George Calcagnini, owner of the Blue Ridge Mobile Home Park, requested the opportunity to expand the park by purchasing the property of respondent Stanley Burch, Jr., which is contiguous to his land. Pursuant to published notice, a public hearing on this request was held on July 8, 1985, during which the Board passed resolution No. 20 amending the zoning ordinance by expanding the Mobile Home Park

Residence District from 12 acres to approximately 41.9 acres.*
This measure was approved despite petitioner's voiced objections that the proposed development would, *inter alia,* pollute nearby "Mud Creek" coursing through his property. Thereafter, the Board referred the amendment to the Town Planning Board for reconsideration. Following the Town Planning Board's approval, the Board published notice of a rehearing to be held October 14, 1985, at which the Board ratified the amendment by resolution No. 24. Petitioner commenced this proceeding seeking a judgment declaring both resolutions null and void on the grounds that, *inter alia,* (1) the notices of the public hearings were legally insufficient, and (2) the Board failed to comply with the State Environmental Quality Review Act (SEQRA) (ECL art 8) and the implementing regulations (6 NYCRR part 617) when it adopted the resolutions. Special Term granted the petition and declared the resolutions null and void for the reasons urged by petitioner, giving rise to this appeal.

Preliminarily, we note that since petitioner received actual notice of the proposed amendment and attended the pertinent public hearings, he was not aggrieved by any deficiencies in the published notices *(see, Matter of Sutton v Board of Trustees,* 122 AD2d 506). Moreover, the record indicates that a survey of the Burch property was actually prepared by petitioner in July 1975 and submitted by Calcagnini to the Board as part of his request for the amendment. There is little dispute then that petitioner was fully familiar with the property in question. While the notices failed to identify the existing zoning classification or describe the precise boundaries of the Burch property, the notices were neither misleading nor deceptive *(see, Reizel, Inc. v Exxon Corp.,* 42 AD2d 500, 504, *affd* 36 NY2d 888). This conclusion is buttressed by the fact that personal notices were provided to the neighboring landowners and the public hearings were well attended.

We do find that Special Term properly nullified both resolutions due to the Board's failure to comply with SEQRA, although on slightly differing reasoning. Because the amendment rezoned an area in excess of 25 acres from "Rural Recreation Residence", in which agricultural uses were permitted, to "Mobile Home Park", which prohibits agricultural use, Special Term concluded that the amendment was a Type

---

* The Burch property, which comprises the rezoned area, actually constitutes approximately 41 acres. In its subsequent resolution No. 24, the Board correctly stated that the rezoning expansion consisted of approximately 41 acres, creating a mobile home district of approximately 53 acres.

I action as defined in 6 NYCRR 617.12, requiring the preparation of an environmental impact statement (EIS). As conceded in petitioner's brief, the amendment in question does not fit squarely within the regulatory definition relied upon, i.e., "authorizing residential uses within an agricultural district" (6 NYCRR 617.12 [b] [2] [ii]).

Petitioner maintains nonetheless that the rezoning constitutes an unlisted action for it effectively eliminates all agricultural use in an area previously put to such use. We agree. Legislative changes in a zoning ordinance constitute "actions" for purposes of SEQRA review (ECL 8-0105 [4]; 6 NYCRR 617.2 [b]; *see, e.g., Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe,* 110 AD2d 1074, 1075; *Matter of Badura v Guelli,* 94 AD2d 972). While the proposed rezoning might not qualify for Type I status (6 NYCRR 617.12 [a]), it does constitute an unlisted action necessitating SEQRA compliance *(see,* 6 NYCRR 617.2 [b]; 617.12 [a]). Therefore, it was incumbent upon the Board to compare the impacts reasonably to be expected from the rezoning with the various criteria set forth in 6 NYCRR 617.11 (a) (1) through (11) prior to amending the zoning ordinance *(see,* 6 NYCRR 617.12 [a]; *Matter of Di Veronica v Arsenault,* 124 AD2d 442; *Matter of Tehan v Scrivani,* 97 AD2d 769, 770). At the very least, the Board was obligated to make a written determination of nonsignificance *(id.).* Most importantly, before any determination was made as to whether the amendment would significantly interfere with the environment, the Board was obligated to take a "hard look" at the pertinent areas of environmental concern and provide a reasoned basis for its determination *(see, H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232; *see also, Matter of Save the Pine Bush v City of Albany,* 117 AD2d 267, 270, *lv granted* 68 NY2d 611). A review of the record confirms that the Board completely failed to satisfy this standard.

The Board maintains that the environmental review was premature at the rezoning stage inasmuch as a specific project was not involved. The Board points out that a mobile home park could not be established in the rezoned area absent the granting of a special exception use and reasons that environmental considerations only come into play upon such application. We disagree. Contrary to the Board's argument, it is quite clear that the rezoning involved here is but the first step in the process of developing the property as a mobile home park as proposed by Calcagnini. The very fact that Burch, the present owner, is precluded from continuing to use the prop-

erty for agricultural purposes gives credence to this point. The Board is not restricted to a myopic consideration of a proposed zoning change, but should identify at the rezoning stage potential environmental concerns associated with the project, at least on a conceptual basis *(see, Matter of Kirk-Astor Dr. Neighboring Assn. v Town Bd.,* 106 AD2d 868, *appeal dismissed* 66 NY2d 896; *Matter of Badura v Guelli, supra,* p 973). To be remembered is that an essential purpose of SEQRA is to incorporate environmental considerations into the governmental decision-making process at the earliest possible time *(see,* ECL 8-0109 [4]; 6 NYCRR 617.1 [c]; *Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 46). Under the circumstances presented, the Board was obligated to satisfy the requirements of SEQRA prior to authorizing the rezoning.

In sum, since the Board failed to take into account the appropriate environmental considerations in passing resolution Nos. 20 and 24, we conclude that the rezoning was arbitrary and capricious and properly annulled by Special Term.

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.