■ LOS-GREEN, INC., Respondent, v DANIEL WEBER et al., Constituting the Town Board of the Town of Cheektowaga, Appellants.—Judgment unanimously affirmed with costs. Memorandum: Petitioner, the owner of a vacant three-acre parcel of land in the Town of Cheektowaga zoned since 1977 for a commercial use, instituted this CPLR article 78 proceeding to annul a determination by respondents (members of the Town Board of the Town of Cheektowaga) which rezoned that parcel from a commercial to a residential use. Petitioner claimed that the zoning amendment was not adopted in accordance with a "comprehensive plan" and was, therefore, arbitrary and capricious. Supreme Court found, after a trial, that the Town Board did not act in conformance with a comprehensive plan and annulled the determination. We affirm.

Section 263 of the Town Law requires that amendments to a zoning regulation be made in accordance with a comprehensive plan (Randolph v Town of Brookhaven, 37 NY2d 544, 547). The purpose of that statutory requirement is to ensure that the amendment is calculated to benefit the entire community, not individual or special interests (see, Asian Ams. for Equality v Koch, 72 NY2d 121, 131; Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 187-188, rearg denied 34 NY2d 668; Udell v Haas, 21 NY2d 463, 469). Although the comprehensive plan need not be in writing, it is clear that some planning must precede rezoning; that the Board must give some forethought to the community's land use problems; and that the amendment must be consistent with, and further, a specific comprehensive plan (see, Asian Ams. for Equality v Koch, supra; Kravetz v Plenge, 84 AD2d 422, 429-430). Amendments made in piecemeal fashion or by " 'irrational ad hocery' " cannot be sustained (Randolph v Town of Brookhaven, supra, at 547, quoting from Matter of Town of Bedford v Village of Mount Kisco, supra, at 188; Walus v Millington, 49 Misc 2d 104, 108-109, affd sub nom. Walus v Gordon Realty Corp., 31 AD2d 777).

In the subject case, a member of the Town Planning Board and a planning consultant inspected various sites to determine whether nonresidential uses in the area of Losson Road should be rezoned to a residential use. No report was prepared, and the recommendation submitted by the Planning Board to the Town Board did not reveal a comprehensive plan or the basis for the recommendation. No evidence was presented in support of rezoning at the Town Board's public hearing; all of the testimony opposed a rezoning, particularly with respect to the subject property. One member of the Town Board testified at the trial that there was concern for traffic and the protection of a town park some three fourths of a mile away, but the determination was made without the benefit of a fire, traffic or safety study. The town's Environmental Review Advisory Committee reported that, whether the properties were rezoned or not, there would be no significant environmental impact. Moreover, the Town Board's decision was inconsistent with recent rezoning determinations affecting the area. In sum, the record contains no evidence that the Town Board considered a specific comprehensive plan in rezoning the subject parcel, and Supreme Court correctly concluded that the determination was arbitrary and capricious. (Appeal from judgment of Supreme Court, Erie County, McGowan, J.—art 78.) Present— Callahan, J. P., Denman, Pine, Balio and Davis, JJ.