■ J. THOMAS BRIODY et al., Appellants, v VILLAGE OF LEWISTON et al., Respondents.—Order and judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: The court improperly dismissed the first through sixth and the eighth causes of action. Because of the failure to comply with the requirements of the State Environmental Quality Review Act (SEQRA), petitioners-plaintiffs are entitled to judgment declaring that the following actions are void: the granting of the option by the Village of Lewiston and the Town of Lewiston to defendant-respondent Atherton and the conveyance of the property pursuant to the option; the adoption on April 3, 1991 of the resolution of the Village of Lewiston Historic Preservation Commission and the issuance of a certificate of approval by the Commission on April 4, 1991; the approval on April 8, 1991 of the development plan by the Village of Lewiston Planning Commission; the granting on July 22, 1991 by the Village of Lewiston Zoning Board of a

permit to maintain encroachments in public streets; and the adoption on July 22, 1991 by the Town of Lewiston of resolutions ratifying the option agreement and authorizing the sale of the property; the granting by the Village of Lewiston on August 19, 1991 of the special use permit; and the enactment in August 1991 of Local Law 2-1991. Judgment is granted accordingly.

Petitioners-plaintiffs have standing to challenge the actions of the municipal authorities in violation of the requirements of SEQRA *(see, Matter of Har Enters. v Town of Brookhaven,* 74 NY2d 524; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of Sopchak v Guernsey,* 176 AD2d 403; *Matter of Friends of Woodstock v Town of Woodstock Planning Bd.,* 152 AD2d 876; *Matter of Williamsville Southeast Amherst Homeowners Assn. v Sharpe,* 110 AD2d 1074).

Respondents-defendants failed to comply with the provisions of SEQRA. The granting of the option to respondent-defendant Atherton was one step in the process that was to culminate in the development of an inn, pub, and restaurant on the property. It committed the municipal authorities " 'to a definite course of future decisions' (6 NYCRR 617.2 [b] [2]; see *Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 46; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 371, affd 62 NY2d 965) * * * Under law, consideration must be given at the earliest possible time (ECL 8-0109, subd 4) to the impacts which 'may be reasonably expected to result from the proposed action' (6 NYCRR 617.12 [a])" *(Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868, 869, *appeal dismissed* 66 NY2d 896). Accordingly, before entering into the option agreement with Atherton, the Town Board of the Village should have complied with the requirements of SEQRA.

The municipal authorities made no attempt to comply with the provisions of SEQRA until May 20, 1991 when an Environmental Assessment Form was filed by the Village, although no lead agency had been established *(see,* 6 NYCRR 617.6 [b] [1]). The attempts of the Zoning Board of Appeals, the Town and the Village to cure their SEQRA violation by rescinding and readopting their prior approvals are ineffective. At no time did the Town or Village file a negative declaration. On May 20, 1991 the Village prepared and filed an Environmental Assessment Form, which stated that "[t]he project will not result in any large and important impact(s) and, therefore, is one which will not have a significant impact

on the environment, therefore a negative declaration will be prepared." A negative declaration must set forth the "determination of significance in a written form containing a reasoned elaboration and providing reference to any supporting documentation" (6 NYCRR 617.6 [g] [2] [iv]). No such negative declaration was prepared. Because of their failure to comply with the provisions of SEQRA, the municipal authorities were enjoined from carrying out or approving the actions involving the redevelopment of their property (6 NYCRR 617.3 [a]).

Judgment is also granted declaring that the transfer of the property from the Lewiston Public Library to the Town of Lewiston and the Village of Lewiston is valid. The Library conveyed the property to the Town and Village pursuant to an agreement entered into in 1972, which provided that, if the Library moved to another location, it would convey its property to the Town and Village, which could dispose of the property for any purpose. The conveyance by the Library to the Town was separate and apart from the sale of the property to Atherton and did not commit either the Library or the Town and Village to a course of action for the sale and development of the property as an inn, pub, and restaurant. Further, we agree with respondents-defendants that the sale of the Library building to the Village and Town did not require approval by the Regents. In our view, Education Law § 266 applies to the sale or transfer of a library or library property as a going concern and not to the transfer of a building which formerly housed a library that had moved to another location.

The seventh cause of action alleging a violation of the Freedom of Information Law was properly dismissed because petitioners-plaintiffs failed to exhaust their administrative remedies (see, Matter of Kurland v McLaughlin, 122 AD2d 947, 949). (Appeal from Order and Judgment of Supreme Court, Niagara County, Koshian, J.—Article 78.) Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.