■ In the Matter of JAMES W. EGGERT et al., Appellants, v TOWN BOARD OF THE TOWN OF WESTFIELD et al., Respondents. [630 NYS2d 179] —Judgment unanimously reversed on the law without costs, amended petition granted and judgment granted in accordance with the following Memorandum: Supreme Court erred in dismissing the amended petition seeking to annul the negative declaration of environmental significance of the Town Board of the Town of Westfield (Town Board) and to declare invalid its May 4, 1994 resolution amending the zoning ordinance of the Town of Westfield (Town). The amendments in part added limited retail businesses and building/construction contractor businesses as specially permitted uses in the Town's residential/agricultural (R-A) district. Before enacting the amendments, the Town Board undertook a review of the proposed amendments pursuant to the State Environmental Quality Review Act (SEQRA; ECL art 8). That review entailed the completion of a full environmental assessment form (FEAF). In the FEAF the Town Board found the zoning amendments to be a Type I action and that the amendment "itself" would not have a significant effect on the environment. In reaching that conclusion, the Town Board acknowledged that, if special use permits were granted, the environment could be significantly affected. The Town Board determined that SEQRA review of those potential environmental impacts could be adequately addressed when applications for special use permits were submitted. It concluded that, "[a]t this point, any attempt to identify and assess specific impacts that might result from this amendment would be speculative at best." Significant portions of the FEAF were not answered by the Town Board because there was no specific project site under consideration. On March 16, 1994, the Town Board determined that

the project would not have a significant effect on the environment and stated that a draft environmental impact statement (DEIS) would not be prepared.

We conclude that the Town Board violated SEQRA when it issued a negative declaration rather than proceeding with the preparation of a DEIS. The Town Board concedes that the rezoning amendments constitute a Type I action under SEQRA (*see,* 6 NYCRR 617.12 [b] [2]). In Type I actions, there is a relatively low threshold for requiring an EIS and one must be prepared when there is a potential significant adverse impact on the environment (*see, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 364-365). Indeed, 6 NYCRR 617.12 (a) (1) provides that a Type I action "carries with it the presumption that it is likely [to] have a significant effect on the environment and may require an EIS."

The record shows that the passage of the amendments by the Town Board was brought about in part because the Town had been sued for permitting construction businesses to operate in the district in violation of the zoning ordinance. Indeed, the Town Board admitted that it knew that there were a number of construction businesses operating illegally in the district and that the amendments were enacted to give those businesses an opportunity to comply with the zoning ordinance. Furthermore, after the zoning amendments were passed, the Town Supervisor sent a letter to 14 individuals who were operating prohibited contracting businesses in the district, requesting that they apply for special use permits under the amendments.

Under those circumstances, the Town Board has not complied with SEQRA by a fleeting glance at the environmental effects of the amendment, by a finding that environmental review is premature because no specific project is involved, or by a statement that SEQRA review would be undertaken when applications for special use permits are received (*see, Matter of Brew v Hess,* 124 AD2d 962, 964-965). To comply with SEQRA, the Town Board must consider the environmental concerns that are reasonably likely to result from, or are dependent on, the amendments (*Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868, 869, *appeal dismissed* 66 NY2d 896). Here, the Town Board already identified numerous businesses that are dependent on the zoning amendments to continue operations. Moreover, the decision to amend the zoning ordinance committed the Town Board to a definite course of future conduct (*see generally,* 6 NYCRR 617.2 [b] [2]) by permitting previously prohibited uses subject to obtaining a special

use permit (*see, Matter of Brew v Hess, supra; Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd., supra*). The essential purpose of SEQRA is to incorporate environmental considerations into the governmental decision-making process at the earliest possible time (*see,* ECL 8-0109 [4]; 6 NYCRR 617.1 [c]; *Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 46). To comply with SEQRA, the Town Board was required to address the potential environmental effects of the amendments, at least on a conceptual basis (*see, Matter of Brew v Hess, supra; Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd., supra; Matter of Badura v Guelli,* 94 AD2d 972, 973; *H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222; *see also,* 6 NYCRR 617.15 [d]).

We further conclude that the Town Board, in enacting the amendments, failed to comply with the requirements of Town Law § 263. A town board, before rezoning, must give some thought to the community's land use problems and an amendment must be consistent with a specific comprehensive plan (*see,* Town Law § 263; *Asian Ams. for Equality v Koch,* 72 NY2d 121, 131; *Los-Green, Inc. v Weber,* 156 AD2d 994, *lv denied* 76 NY2d 701). The record does not contain any detailed explanation by the Town Board for changing the permitted uses in the residential/agricultural district. Indeed, the only reasons indicated for that change are the existence of a number of prohibited uses in the district and a lawsuit over the Town's permitting those prohibited uses to continue. Those reasons fail to support a conclusion that the Town Board adopted the zoning amendments pursuant to a specific comprehensive plan (*see, Los-Green, Inc. v Weber, supra; see also, Northeastern Envtl. Developers v Town of Colonie,* 72 AD2d 881, 882).

Finally, the court erred in concluding that the action is barred by the doctrines of res judicata and collateral estoppel. Because neither the parties nor the issues are identical to those in the prior action, the doctrines do not bar the present action (*see, Hines v City of Buffalo,* 79 AD2d 218, 220-221).

Consequently, we grant the amended petition and grant judgment in favor of petitioners declaring that the May 4, 1994 resolution amending the zoning ordinance of the Town of Westfield is invalid. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—CPLR art 78.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Doerr, JJ.