■ In the Matter of WILLIAM C. YOUNG et al., Appellants, v BOARD OF TRUSTEES OF THE VILLAGE OF BLASDELL et al., Respondents. [634 NYS2d 605] —Judgment unanimously affirmed without costs. Memorandum: Petitioners contend that Supreme Court erred in dismissing their CPLR article 78 proceeding that sought to annul the resolution of respondent Board of Trustees of the Village of Blasdell (Village Board) authorizing the Village to lease property to respondent Blasdell Development Group, Inc. (Blasdell) for the construction and operation of a garbage transfer station. Petitioners in this proceeding also sought to annul the December 13, 1993 lease of that property to Blasdell and the September 22, 1994 determination by the Village that the proposed facility will not have a significant effect on the environment (negative declaration). We conclude, albeit for different reasons, that the court properly dismissed the petition.

On December 1, 1993, the Village Board passed a resolution authorizing the Village to lease 9.5 acres of its land to Blasdell for a period of 30 years for the construction and operation of a garbage transfer station or other similar purpose. That lease was executed by the Village and Blasdell on December 13, 1993. Paragraph 19 of the lease provided that "[t]his lease is contingent upon the issuance of any and all permits, licenses or government approvals for the Lessee's intended use". No review of the project was undertaken pursuant to the State Environmental Quality Review Act (SEQRA; ECL art 8) before passage of the resolution or execution of the lease. On June 24, 1994, the Village was advised by the State Department of Environmental Conservation (Department) that Blasdell had applied for a solid waste management facility permit for the garbage transfer facility in the Village. The Department suggested that the Village become the "lead agency" for a SEQRA review of the project and requested that the Village identify its jurisdiction in the matter. On July 11, 1994, the Village Board approved a resolution declaring the Village "lead agency" for a SEQRA review of the proposed garbage transfer facility. After receiving and reviewing a Full Environmental Assessment Form for the project, the Village Board on September 22, 1994 issued a negative declaration wherein it determined that the proposed construction and operation of the solid waste transfer facility handling 1,000 tons of garbage per day would not have a significant effect on the environment and that a Draft Environmental Impact Statement would not be prepared.

On January 17, 1995, petitioners commenced this proceeding seeking to annul the resolution, the lease, and the negative

declaration on the ground that the Village Board failed to comply with the procedural and substantive requirements of SEQRA. Specifically, petitioners assert that the resolution and lease must be annulled because the Village Board failed to comply with SEQRA before passing the resolution. They further assert that the issuance of the negative declaration violated SEQRA because the Village Board failed to take a "hard look" at the environmental impacts of the proposed facility and to make a reasoned elaboration for the determination. Respondents in their answers assert that the petition is barred by the Statute of Limitations and that there was proper compliance with SEQRA. The court dismissed the petition, concluding that the resolution and lease are not "actions" within the meaning of SEQRA and that the issuance of the negative declaration was not arbitrary, capricious or an abuse of discretion.

We disagree with the court's conclusion that the resolution and lease are not "actions" within the meaning of SEQRA. ECL 8-0105 (4) (i) defines an action as including "projects or activities involving the issuance * * * of a lease * * * or other entitlement for use or permission to act" by an agency. Indeed, the approval of the issuance of a lease is specifically enumerated under the SEQRA regulations as an action *(see,* 6 NYCRR 617.2 [b] [3]). Furthermore, a SEQRA review must be undertaken before "any significant authorization is granted for a specific proposal" *(Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 47; *see, Matter of Sierra Club v Power Auth.,* 203 AD2d 15, 17; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868, 869, *appeal dismissed* 66 NY2d 896). Here, a significant authorization for the project was granted when the lease of Village land was authorized by the Village Board and the lease was executed. Therefore, the Village Board was required to comply with SEQRA before those actions were taken *(see, Briody v Village of Lewiston,* 188 AD2d 1017, 1018, *lv denied* 81 NY2d 710).

We reject the contention of respondents that the provision in the lease that it was "contingent upon the issuance of any and all permits, licenses or government approvals for the Lessee's intended use" relieved the Village Board from compliance with SEQRA. Without first obtaining approval from the Village Board to lease the land, the proposal could not go forward. The fact that other approvals are necessary before the garbage transfer station may be constructed does not alter the requirement that the Village Board comply with SEQRA before the adoption of the resolution and execution of the lease *(see, Mat-*

ter of Tri-County Taxpayers Assn. v Town Bd., supra; Matter of Sierra Club v Power Auth., supra; Matter of Brew v Hess, 124 AD2d 962; Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd., supra; Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, affd 62 NY2d 965).

We conclude, however, that petitioners' challenge to the resolution and lease is time-barred. The four-month period of limitations for CPLR article 78 proceedings governs challenges to agency actions based on a failure to comply with SEQRA (see, Matter of Wing v Coyne, 129 AD2d 213, 216). The resolution was passed and the lease executed in December 1993, and this proceeding was commenced in January 1995. Because this proceeding was not commenced within four months of the final determination to lease the property to Blasdell, petitioners' challenge to the resolution and the lease is untimely (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 203; Matter of Monteiro v Town of Colonie, 158 AD2d 246, 249-250; Matter of Wing v Coyne, supra). The fact that the Village subsequently undertook a SEQRA review of the project at the request of the Department as part of its permit process does not commence anew the running of the Statute of Limitations. Upon its execution, the lease was final and binding on respondents and, therefore, the subsequent SEQRA review did not constitute a reconsideration of the lease (see, Ferrer v Appleton, 190 AD2d 146, 150, lv denied 82 NY2d 662; see also, Matter of Sierra Club v Power Auth., 203 AD2d 15, 16-17, supra).

Petitioners also seek to annul the negative declaration issued by the Village for the construction and operation of the solid waste transfer station. The negative declaration is not a final action subject to challenge in a CPLR article 78 proceeding (see, CPLR 7801 [1]) and the fact that the declaration occurred within four months of the commencement of the proceeding does not give the court authority to review it. Generally, a CPLR article 78 proceeding may not be used to challenge a nonfinal determination by a body or officer (see, CPLR 7801 [1]). A SEQRA determination is usually considered to be a preliminary step in the decision-making process and, therefore, is not ripe for judicial review until the decision-making process has been completed (see, Matter of Ferrer v Appleton, supra, at 150; Matter of East Coast Props. v City of Oneida Planning Bd., 167 AD2d 641, 642; Matter of Wing v Coyne, 129 AD2d 213, 216, supra; Matter of Save the Pine Bush v City of Albany, 117 AD2d 267, 269, mod on other grounds 70 NY2d 193; Matter of Town of Yorktown v New York State Dept. of Mental Hygiene, 92 AD2d 897, 898, affd 59 NY2d 999). Moreover, in the instant

case the negative declaration cannot be viewed as a binding determination on the Department to issue a permit to support this proceeding *(cf., Matter of Wing v Coyne, supra)*. Therefore, to the extent that the petition seeks to annul the negative declaration on the ground that it was issued without a "hard look" at the environmental considerations, the matter is not ripe for judicial review *(see, Matter of Ferrer v Appleton, supra; Matter of Town of Yorktown v New York State Dept. of Mental Hygiene, supra)*.

The resolution and lease cannot be deemed the final agency determinations to support a CPLR article 78 proceeding to review the issuance of the negative declaration. Any challenge based on those final agency determinations is time-barred. Moreover, the issuance of the negative declaration by the Village was not related to the resolution or lease, but was for the construction and operation of the transfer station. The SEQRA review and negative declaration issued by the Village were part of the Department's application process in considering Blasdell's application for a solid waste management facility permit. At the time the Village issued the negative declaration and petitioners commenced this proceeding, no permit had been issued by the Department. Consequently, when this proceeding was commenced, there was no final agency determination with respect to the construction and operation of the transfer station by either the Village Board or the Department to support petitioners' challenge to the issuance of the negative declaration.

In the interest of judicial economy, we add that, on the present record, we find no basis for the Village to act as "lead agency" for the SEQRA review of this project. 6 NYCRR 617.2 (v) provides that a lead agency for a SEQRA review of a project must be an "involved agency," defined by 6 NYCRR 617.2 (t) as including "an agency that has jurisdiction by law to fund, approve or directly undertake an action". Approval of a project means "a discretionary decision by an agency to issue a permit, certificate, license, lease or other entitlement or to otherwise authorize a proposed project or activity" (6 NYCRR 617.2 [e]). Here, the discretionary decision by the Village Board and Village involved passage of the resolution and execution of the lease, which occurred months before the Village became lead agency. Because the Village was not an "involved agency," it lacked the jurisdictional predicate to act as lead agency for the SEQRA review of the project *(cf., Matter of Seaboard Contr. & Material v Department of Envtl. Conservation, 132 AD2d 105, 110-111)*. (Appeal from Judgment of Supreme Court, Erie

County, Gorski, J.—CPLR art 78.) Present—Lawton, J. P., Fallon, Callahan, Davis and Boehm, JJ.