■ In the Matter of SANDRA G. BILLERBECK et al., Respondents, v JAMES BRADY et al., as TRUSTEES OF GALEN-LYONS LANDFILL COMMISSION, et al., Respondents, and WILLIAM L. HEITZENRATER et al., Intervenors-Appellants. In the Matter of WESTERN FINGER LAKES SOLID WASTE MANAGEMENT AUTHORITY et al., Respondents, v GALEN-LYONS JOINT LANDFILL COMMISSION, Respondent, and WILLIAM L. HEITZENRATER et al., Appellants. [637 NYS2d 890] —Judgment unanimously affirmed without costs. Memorandum: These consolidated proceedings arise from an attempt by William L. Heitzenrater, Landcom, Inc., and Buffalo Environmental Consultants, Inc. (respondents) to open a new solid waste facility adjacent to an existing landfill operated by the Galen-Lyons Joint Landfill Commission (Commission). In 1991 the Department of Environmental Conservation (DEC) ordered the Commission to close its landfill and a consent order was entered into that specified closure procedures. Because of the costs to close that landfill, the Commission agreed to sell adjacent land to respondents to open a new solid waste facility. That plan met with opposition from petitioners, citizens of the Town of Galen. Petitioners commenced a CPLR article 78 proceeding to prohibit the sale, contending that the purported agreement to convey the property is void because the land is owned by the municipalities and thus the Commission lacked legal authority to enter into such an agreement.

The Western Finger Lakes Solid Waste Management Authority (WFL), a public authority with responsibility for the establishment and operation of solid waste management facilities in a four county area, including the Town of Galen, commenced a similar proceeding, contending in addition that the

agreement failed to comply with the requirements of the State Environmental Quality Review Act (SEQRA) and the Open Meetings Law.

Supreme Court properly granted petitioners summary judgment, declaring null and void the agreement between the Commission and respondents. We note, however, that the court erred in concluding that the Commission did not have the legal authority to sell the land (see, McKinney's Uncons Laws of NY §§ 5933, 5939, 5971 [Joint Garbage Disposal Act §§ 12, 18, 50; L 1934, ch 787, § 1]; Matter of Town of Augusta v Jorling, 158 AD2d 984, 985, lv denied 75 NY2d 711). The court properly concluded, nevertheless, that the agreement was null and void because it failed to comply with the requirements of SEQRA.

Because the agreement committed the Commission to convey property to respondents to open the new landfill adjacent to the existing one, the agreement "committed the municipal authorities ' "to a definite course of future decisions" ' " (Briody v Village of Lewiston, 188 AD2d 1017, 1018, lv denied 81 NY2d 710), and thus subjected the agreement to review under SEQRA (see, 6 NYCRR 617.2 [b] [2]; Matter of Young v Board of Trustees, 221 AD2d 975). The primary purpose of SEQRA "is to inject environmental considerations directly into governmental decision making" (Matter of Coca-Cola Bottling Co. v Board of Estimate, 72 NY2d 674, 679) as early as possible, when it is practical to modify the project to mitigate adverse environmental effects (Matter of Long Is. Pine Barrens Socy. v Planning Bd., 78 NY2d 608, 615). Therefore, environmental review requirements of SEQRA must be met before the proposed action is taken (see, Matter of E.F.S. Ventures Corp. v Foster, 71 NY2d 359, 371; Matter of Di Veronica v Arsenault, 124 AD2d 442). (Appeal from Judgment of Supreme Court, Wayne County, Strobridge, J.—CPLR art 78.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.