■ In the Matter of NEW YORK CANAL IMPROVEMENT ASSOCIATION et al., Appellants, v TOWN OF KINGSBURY et al., Respondents. [658 NYS2d 765] —Peters, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 22, 1996

---

in Washington County, which partially granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, declare Local Laws, 1995, No. 1 of the Town of Kingsbury null and void.

On July 10, 1995, respondent Town Board of the Town of Kingsbury passed a resolution adopting Local Laws, 1995, No. 1 of the Town of Kingsbury (hereinafter Local Law No. 1), which created a new 405-acre "Industrial District" along the eastern shore of the Champlain Barge Canal to accommodate light and heavy industry including asphalt plants, cement factories and chemical processing facilities. Approximately 160 acres thereof were previously zoned residential, with the remaining portion zoned industrial.

In this combined CPLR article 78 proceeding and declaratory judgment action, petitioners alleged, *inter alia*, that Local Law No. 1 was invalid and should be declared null and void because the Town Board failed to comply with the requisite provisions of the State Environmental Quality Review Act (ECL art·8 [hereinafter SEQRA]) prior to its adoption. Petitioners also sought a preliminary and permanent injunction of any actions to be taken within the newly formed district. Respondents moved to dismiss the petition on several grounds, contending, primarily, that the Town Board completed a proper SEQRA review.

Supreme Court found that notwithstanding the Town Board's designation of this proposed amendment as a type I action pursuant to SEQRA (*see*, 6 NYCRR 617.2 [ai]; 617.4), the preparation of an environmental assessment form (hereinafter EAF) by the Town's engineer (*see*, 6 NYCRR 617.2 [m]) and the holding of a public hearing, SEQRA was violated when the Town Board issued a negative declaration of environmental significance, thereby obviating the need for the completion of the more detailed environmental impact statement (hereinafter EIS) (*see*, ECL 8-0109; 6 NYCRR part 617). The court reasoned that "[r]ezoning amendments which are Type I actions have a low threshold for requiring an * * * [EIS] which must be prepared when there is a potential significant adverse impact on the environment". Since the Town Board acknowledged that there might be future permitted uses resulting from this zoning amendment which "will generate significant environmental impact", relegating review to a later time when the projects were proposed, Supreme Court found that the mandates ofSE-QRA were violated. Recognizing that the zoning ordinance at issue had "committed the Town Board to a definite course of

future conduct", it required the completion of a full environmental review before allowing any activity in the newly designated "Industrial District". It further issued a preliminary injunction only on that portion of the newly designated industrial district which was previously zoned residential.

After cross motions to resettle and reargue Supreme Court's order, the court clarified that Local Law No. 1 remained in "full force and effect" yet it expanded the scope of the preliminary injunction. It further opined that after respondents complete such environmental review, an application to lift the injunction would be entertained.

Significantly, respondents have not challenged Supreme Court's determination that it failed to comply with the strict mandates of SEQRA prior to its adoption of Local Law No. 1. Hence, the sole issue raised on this appeal is the relief which should have been granted once the court determined that respondents violated SEQRA. Rejecting respondents' contention that the type of environmental review now sought was premature when no specific project was involved, we reiterate that since the "rezoning involved here is but the first step in the process of developing the property" (*Matter of Brew v Hess*, 124 AD2d 962, 964) and since "an essential purpose of SEQRA is to incorporate environmental considerations into the governmental decision-making process at the earliest possible time" (*id.*, at 965; *see*, ECL 8-0109 [4]; 6 NYCRR 617.1 [c]; *Matter of Tri-County Taxpayers Assn. v Town Bd.*, 55 NY2d 41, 46), we find that the Town Board's adoption of Local Law No. 1 in violation of SEQRA mandates our declaration that its promulgation was invalid (*see*, *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359; *Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359; *Matter of Tri-County Taxpayers Assn. v Town Bd.*, *supra*; *Matter of Watch Hill Homeowners Assn. v Town Bd.*, 226 AD2d 1031, *lv denied* 88 NY2d 811; *Matter of Brew v Hess*, *supra*).

In so finding, we decline to review whether Supreme Court should have extended the scope of the preliminary injunction since there now remains no basis for its continuation.

Mercure, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, with costs to petitioners, by reversing so much thereof as upheld Local Laws, 1995, No. 1 of the Town of Kingsbury; said local law is declared to be null and void and the preliminary injunction is vacated; and, as so modified, affirmed.