■ RIVERHEAD BUSINESS IMPROVEMENT DISTRICT MANAGE-
MENT ASSOCIATION, INC., et al., Appellants, v JAMES R. STARK,
as Supervisor of the Town of Riverhead et al., Respondents.
RIVERHEAD CENTRE L. L. C., Intervenor-Respondent. [677 NYS2d
383] —In a hybrid proceeding pursuant to CPLR article 78 to
review a determination of the Town Board of the Town of Riv-
erhead, dated March 18, 1997, which adopted Resolution No.
227 to amend the Zoning Ordinance of the Town of Riverhead,
and an action for a judgment declaring that the subject zoning
amendment is void and unenforceable, the petitioners appeal
from a judgment of the Supreme Court, Suffolk County (Floyd,
J.), entered January 15, 1998, which denied the petition and
dismissed the proceeding, and declared that the subject zoning
amendment "is neither void nor unenforceable".

Ordered that the appeals of Schwing Electrical Supply Corp.
and Riverhead Business Improvement District Management
Association, Inc., are dismissed as withdrawn, without costs or
disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without
costs or disbursements, the petition is granted, Resolution No.
227 of the Town Board of the Town of Riverhead is annulled,
and it is declared that the zoning amendment adopted pursu-
ant to Resolution No. 227 is void and unenforceable.

On March 18, 1997, the respondent Town Board of the Town
of Riverhead (hereinafter the Town Board) adopted Resolution
No. 227 which enacted a zoning amendment that created a
"Destination Commercial Planned Development Overlay
District" (hereinafter the PDD). Among the permitted uses in
the PDD are retail stores with a minimum of 10,000 square
feet of building area for each store. It is uncontested that the
intervenor, Riverhead Centre L. L. C., seeks to build a shop-
ping center on an assemblage of 51.32 acres within the PDD.
The intervenor's site plan application was not before the Town
Board when it enacted the zoning amendment.

In connection with the enactment of the zoning amendment,
an Environmental Assessment Form (hereinafter EAF) was
prepared. Among the findings made in the EAF was that
increased development permitted by the zoning amendment
would increase traffic volume by approximately 11% over the
volume which would be generated if the area were developed
under the existing zoning law. Moreover, the EAF indicated
that enactment of the zoning amendment could result in
potentially large impacts on the existing transportation system,
public health, and the character of the neighborhood. Indeed,
the EAF noted that there could be a potentially large impact

on public health in the form of "Degradation to groundwater (public water supply)". In addition, specified as a potentially "large and important impact" was the possible release of toxic or hazardous materials into "groundwater aquifers". These toxic materials, which also posed a public safety and health risk due to accidental release or explosion, were most likely to be stored for sale at sites to be developed in the PDD. A potential impact on air quality was also noted.

The Town Board, as lead agency under the State Environmental Quality Review Act (see, ECL art 8 [hereinafter SEQRA]) recognized that the zoning amendment was a "Type I action" (6 NYCRR 617.4). Nevertheless, the Town Board issued a negative declaration under SEQRA. This determination was challenged by the petitioners in the instant proceeding. The Supreme Court dismissed the petition. We reverse.

It is well settled that "SEQRA's goal [is] to incorporate environmental considerations into the decision-making process at the earliest possible opportunity" (*Matter of Neville v Koch,* 79 NY2d 416, 426; *see also,* ECL 8-0109 [4]). Indeed, one of the purposes of SEQRA is to assure the preparation and availability of an environmental impact statement (hereinafter EIS) at the time any significant authorization is granted that may generate significant environmental impact (*see, Matter of New York Canal Improvement Assn. v Town of Kingsbury,* 240 AD2d 930, 931-932; *see also, Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 46-47). Here, several potentially significant impacts were identified in this Type I action, but were essentially ignored upon the issuance of the negative declaration. Under the circumstances, the Town Board failed to take the requisite "hard look" at the environmental impacts of the zoning amendment and its determination in this regard was therefore arbitrary and irrational (*see, Matter of Omni Partners v County of Nassau,* 237 AD2d 440, 442; *see also, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *Akpan v Koch,* 75 NY2d 561, 570; *Matter of Kahn v Pasnik,* 90 NY2d 569). We note that it is well settled that there is a relatively low threshold for the preparation of an EIS and that, moreover, under the SEQRA regulations a Type I action, such as the one at issue herein, "carries with it the presumption that it is likely to have a significant adverse impact on the environment and may require an EIS" (6 NYCRR 617.4 [a] [1]; *see, Matter of Chemical Specialties Mfrs. Assn. v Jorling,* 85 NY2d 382, 397; *Matter of Omni Partners v County of Nassau, supra*).

We find without merit the respondents' argument that a full

SEQRA review will ultimately be achieved in connection with the eventual site plan approval process for the proposed shopping center. To comply with SEQRA, the Town Board was obligated to consider the environmental concerns that were reasonably likely to result from its zoning amendment at the time of its enactment (*see, Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868; *see also, Matter of New York Canal Improvement Assn. v Town of Kingsbury, supra; Matter of Young v Board of Trustees,* 221 AD2d 975, *affd* 89 NY2d 846; *Matter of Eggert v Town Bd.,* 217 AD2d 975; *Matter of Brew v Hess,* 124 AD2d 962, 963-964; *cf., Matter of People for Westpride v Board of Estimate,* 165 AD2d 555). Accordingly, since the resolution was not enacted in accordance with lawful procedure as set forth in SEQRA, the petition should have been granted and the resolution annulled (*see, Matter of Omni Partners v County of Nassau, supra*).

The respondents' argument concerning the petitioners' standing, implicitly rejected by the Supreme Court, is without merit (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761; *Matter of Open Space Council v Planning Bd.,* 245 AD2d 378, *cf., Matter of Bridon Realty Co. v Town of Clarkstown,* 250 AD2d 677). In view of our determination, we do not reach any of the other issues raised by the parties. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.