■ In the Matter of CITIZENS CONCERNED FOR THE HARLEM VALLEY ENVIRONMENT et al., Appellants, v TOWN BOARD OF THE TOWN OF AMENIA et al., Respondents, and SAND AND STONE ASSOCIATES et al., Intervenors-Respondents. [694 NYS2d 108] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town Board of the Town of Amenia, dated March 16, 1995, which issued a negative declaration pursuant to the State Environmental Quality Review Act (SEQRA) regarding the rezoning of a certain parcel of property for mining and as a light industrial park, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated September 12, 1997, which, *inter alia*, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the determination of the Town Board is annulled.

It is well-settled that "SEQRA's goal [is] to incorporate environmental considerations into the decision making process at the earliest possible opportunity" (*Matter of Neville v Koch,* 79 NY2d 416, 426; *see also,* ECL 8-0109 [4]). Indeed, one of the purposes of SEQRA is to assure the preparation and availability of an environmental impact statement at the time any authorization is granted that may generate significant environmental impact (*see, Matter of New York Canal Improvement Assn. v Town of Kingsbury,* 240 AD2d 930, 931-932; *see also, Matter of Tri-County Taxpayers Assn. v Town Bd.,* 55 NY2d 41, 46-47; *see also, Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark,* 253 AD2d 752).

We agree with the petitioners' contention that, under the particular circumstances here, the Town Board improperly segmented the SEQRA review process. The rezoning at issue was an integral part of a mining proposal that would have obvious potential environmental impacts. The Town Board was obligated to consider these environmental concerns at the time of the rezoning and it failed to do so (*see, Matter of Scenic Hudson v Town of Fishkill Town Bd.,* 258 AD2d 654; *Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark, supra*; *Matter of Young v Board of Trustees,* 221 AD2d 975, *affd* 89 NY2d 846; *Matter of Eggert v Town Bd.,* 217 AD2d 975; *Matter of Brew v Hess,* 124 AD2d 962, 964; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd.,* 106 AD2d 868). Accordingly, since the determination herein was not made in accordance with lawful procedure as set forth in SEQRA, the petition should have

been granted and the determination annulled (*see, Matter of Omni Partners v County of Nassau,* 237 AD2d 440; *see also, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 417; *Matter of Kahn v Pasnik,* 90 NY2d 569).

In light of the foregoing, we need not reach the parties' remaining contentions. Mangano, P. J., Sullivan, Joy and Altman, JJ., concur.