■ MARTIN ELIAS, Respondent, v TOWN OF BROOKHAVEN et al., Appellants. FRIENDS OF WERTHEIM NATIONAL WILDLIFE REFUGE et al., Proposed Intervenors-Appellants. [711 NYS2d 480] —In an action, *inter alia,* for a judgment declaring that the defendants must consider the plaintiff's site plan application pursuant to a commercial zoning classification, (1) the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated August 5, 1999, as amended by order of the same court dated August 26, 1999, as directed them to vote on the proposed rezoning of the plaintiff's property "at the earliest possible date permitted by procedural law relating to the scheduling of meetings", and (2) the proposed intervenors separately appeal, as limited by their brief, from stated portions of the order dated August 5, 1999, as amended by the order dated August 26, 1999, as, *inter alia,* denied their motion for leave to intervene.

Ordered that the order dated August 26, 1999, is modified by deleting the provision thereof directing the defendants to vote on the proposed rezoning "at the earliest possible date permitted by procedural law relating to the scheduling of meetings", and substituting therefor a provision directing the defendants to vote on the proposed rezoning at the earliest possible date permitted by law, including the procedural law relating to the scheduling of meetings and compliance with the provisions of the State Environmental Quality Review Act; as so modified, the order is affirmed insofar as appealed from, without costs and disbursements; and it is further,

Ordered that the order dated August 5, 1999, is modified accordingly.

In an effort to resolve this lawsuit, the plaintiff and the defendants, the Town of Brookhaven and the Planning Board of the Town of Brookhaven (hereinafter collectively the Town), executed a stipulation of settlement which was so-ordered by

the Supreme Court on March 5, 1999. Among other provisions, the stipulation required the Town to conduct a hearing and vote on the proposed rezoning of the plaintiff's property from residential to commercial use "at the earliest possible date permitted by law". Contrary to the Supreme Court's interpretation, paragraph 4 of the stipulation, which was incorporated by reference in paragraph 2, also required the Town to comply with the State Environmental Quality Review Act (hereinafter SEQRA) before it rezoned the property.

Moreover, the proposed zoning amendment, which would allow a single tenant to occupy a building of not more than 145,000 square feet, was only the first step in a process that would lead to the construction of a large Home Depot facility on the plaintiff's property. It is fundamental that the primary objective of SEQRA is to incorporate environmental concerns into the decision-making process at the earliest possible opportunity (see, ECL 8-0109 [4]; Matter of Neville v Koch, 79 NY2d 416, 426). Under the circumstances of this case, the Town was obligated to satisfy SEQRA requirements prior to authorizing the rezoning (see, Matter of Scenic Hudson v Town of Fishkill Town Bd., 258 AD2d 654; Vitiello v City of Yonkers, 255 AD2d 506; Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark, 253 AD2d 752; Brew v Hess, 124 AD2d 962; Kirk-Astor Dr. Neighborhood Assn. v Town Bd., 106 AD2d 868).

Notwithstanding the foregoing, the Supreme Court properly denied the untimely motion made by six environmental groups for permission to intervene at this late stage in the litigation (see, CPLR 1013; Osman v Sternberg, 168 AD2d 490). Joy, J. P., Altman and Goldstein, JJ., concur.

H. Miller, J., dissents and votes to affirm the orders appealed from, in the following memorandum: I respectfully disagree with the majority. In my view, the Supreme Court did not err in enforcing a stipulation of settlement which required the Town to vote on partially restoring the commercial zoning of the property prior to SEQRA proceedings. The conditional settlement embodied in the so-ordered stipulation was entered into after almost seven years of litigation. Implicit in the stipulation settling the lawsuit, which arose out of the Town's protracted delay of the plaintiff's application, was the parties' agreement that SEQRA review would not take place until after the Town voted on the zoning application.

The chronology of events leading up to the settlement agreement in this case is critical in understanding the terms of the settlement. In June 1986 the plaintiff, Martin Elias, applied for permission to construct a shopping center on 18 acres of

undeveloped land located in Brookhaven's "J-2" Business Zone. Two years later, while his application was pending, the Town rezoned the property from "J-2" Business to "B" Residence, effectively preventing Elias from obtaining site plan approval.

In June 1992 Elias commenced this action seeking monetary damages for the Town's delay in processing his application and a declaratory judgment that his site plan application should be reviewed under the commercial zoning ordinance in effect at the time the application was originally submitted in 1986. The complaint alleged that the Town's egregious delay of more than two years in acting on the site plan application was unreasonable as a matter of law and was deliberately calculated to prevent the plaintiff from obtaining vested rights to develop his real property in accordance with the previously-applicable commercial zone.

After nearly seven years of litigation, the parties settled the action, conditioned upon the Town's reclassifying the zoning district of the Elias property from a "B" Residence zone to a "J-3" Business zone. Although the complaint sought to compel the Town to process the plaintiff's site plan application under the "J-2" Business Zone classification in effect in 1986, the parties agreed, at the Town's insistence, that the rezoning would be to "J-3 Business", which permitted a somewhat "less intensive" use. The stipulation required the Town to conduct a public hearing within 60 days "to consider the rezoning of the Elias Parcel from a B Residence Zone to a J-3 Business Zone". It further provided that in the event the Town "shall fail or refuse to approve the zoning district reclassification of the Elias parcel to J-3 Business and to authorize the rezoning of the Elias Parcel at the Town Board Hearing", then "this stipulation shall be null, void and of no further force and effect". The stipulation also stated that "any application for the development or improvement of the Elias Parcel as a 'commercial center' as permitted in a J-3 Business Zoning District" would be subject to SEQRA.

The stipulation was so-ordered on March 5, 1999. The Town Board conducted a public hearing on April 6, 1999, and April 20, 1999. However, as an apparent consequence of certain vocal opposition from community residents, the Board "tabled" consideration of the zoning district reclassification until its next public meeting, scheduled for May 4, 1999. On that date, the Town, without voting on the zoning district reclassification of the property, issued a positive declaration under SEQRA, thereupon requiring that the zoning reclassification be subjected to the mandatory processes of SEQRA, including

preparation and approval of an environmental impact statement. This clearly violated the spirit and intent of the stipulation, which implicitly recognized that the preliminary rezoning phase merely restored the original commercial zoning and did not provide for any SEQRA review.

Since the Town's refusal to vote on whether to partially restore the commercial zoning of the plaintiff's property within 60 days of the settlement constituted a clear default of the stipulation, the Supreme Court was correct in granting Elias' motion for specific enforcement of the stipulation, and directing the Town to complete consideration of the zoning district reclassification. Notably, the court found "no cogent nor valid legal argument" to justify the Town's "untoward delay", and found that the Town had offered no explanation as to why the hearing was commenced and then suddenly tabled, or why the stipulation itself should be deemed rescinded or held void.

I disagree with the majority's determination that compliance with SEQRA was triggered upon performing the preliminary phase of the so-ordered stipulation of settlement. An environmental impact statement is not required until a specific project plan is actually formulated and proposed (*see, Matter of Citizens For An Orderly Energy Policy v Cuomo*, 78 NY2d 398, 416; *Matter of Programming & Sys. v New York State Urban Dev. Corp.*, 61 NY2d 738). In my view, implementation of a conditional, but judicially so-ordered stipulation of settlement, which authorizes, but does not compel, the Town to partially restore the commercial zoning classification of the plaintiff's property, and which defers consideration of any specific improvement plan for the property, need not be preceded by SEQRA proceedings. Notably, the stipulation provides for SEQRA review if and when the zone is ever changed.

The Town's dilatory conduct in deliberately delaying the processing of the plaintiff's site plan application for over two years when the property was rezoned so as to bar commercial development is apparent. Indeed, it seems obvious that the Town will deny the zoning application after the plaintiff has expended substantial additional sums of money for a full-blown SEQRA study. The Town's insistence upon a SEQRA review under the circumstances of this case is a clear subterfuge to cause further delay and is in contravention of the stipulation settling the lawsuit. Accordingly, the Town should be directed to vote on the zoning application or declare that it is in default under the stipulation.