■ In the Matter of Long Island Pine Barrens Society, Inc., et al., Appellants, v Town Board of Town of Riverhead et al., Respondents. [736 NYS2d 87] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Town Board of the Town of Riverhead, dated February 1, 2000, granting a zoning change and site approval for the development of property in Baiting Hollow, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered November 6, 2000, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the determination is annulled.

We agree with the petitioners' contention that, under the circumstances presented here, the Town Board of the Town of Riverhead (hereinafter the Town Board) improperly segmented the review process mandated by the State Environmental Quality Review Act (SEQRA, ECL art 8). The rezoning at issue was an integral part of a "Residential Golf" development (*see, Matter of Citizens Concerned for Harlem Val. Envt. v Town Bd. of Town of Amenia,* 264 AD2d 394; *Matter of Scenic Hudson v Town of Fishkill Town Bd.,* 258 AD2d 654; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 204 AD2d 548; *Matter of Schultz v Jorling,* 164 AD2d 252, 255-256). However, the Environmental Impact Statement (hereinafter EIS) submitted by the developer and accepted by the Town Board discussed only the environmental impacts anticipated from the golf course. Although the developer proposed to build up to 333 houses in conjunction with this golf course, it did not specify the number or locations of these habitations in its EIS, with the consequence that their environmental impacts

remain unexplored. The Town Board was obligated to consider the environmental concerns raised by the entire project at the time of the rezoning application, and its failure to do so violated SEQRA (see, *Matter of Citizens Concerned for Harlem Val. Envt. v Town Bd. of Town of Amenia, supra*; 6 NYCRR 617.2 [ag]).

In addition, the Town Board violated SEQRA by failing to consider a "no action" alternative to the proposed development (6 NYCRR 617.9 [b] [5] [v]). It also did not sufficiently consider "mitigation" measures (6 NYCRR 617.9 [b] [5] [iv]) in that, inter alia, it refused to explore a purely organic system of maintaining the golf course at issue. Indeed, although for the purpose of the golf course alone the developer proposed to cut down nearly half of a large woodland area, the respondents have flatly denied that the project will have *any* adverse environmental impact, and insist that no mitigation measures of any sort are required (cf., *Matter of City of Rye v Korff,* 249 AD2d 470). Under the circumstances, the Town Board failed to take a "hard look" at the proposed project under SEQRA (see, 6 NYCRR 617.9).

The parties remaining contentions are either without merit or need not be reached in light of our determination. Ritter, Acting P.J., Altman, Smith and Adams, JJ., concur. [As amended by unpublished order entered May 1, 2002.]