■ In the Matter of JOSEPH SABAD et al., Appellants, v RON-ALD HOULE, as Mayor of the Village of Canton, et al., Respondents. [725 NYS2d 135] —Peters, J. Appeal from a judgment of the Supreme Court (Rogers, J.), entered July 28, 2000 in St. Lawrence County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents, *inter alia*, approving a negative declaration for the construction of a fire station.

The Village of Canton Board of Trustees (hereinafter Board) notified the public of a hearing scheduled for August 16, 1999 where consideration of the costs and environmental impacts associated with the construction of a new fire station on East Main Street in the Village of Canton, St. Lawrence County, would be reviewed. Having first completed an environmental

assessment form (hereinafter EAF) pursuant to the mandates of the State Environmental Quality Review Act (hereinafter SEQRA; *see*, ECL art 8; 6 NYCRR 617.6) pertaining to the construction of such facility at that site, the Board heard public comment and reviewed the EAF at the hearing. It ultimately adopted a negative declaration for the action (*see*, 6 NYCRR 617.7), finding that there would be no adverse environmental impacts associated with its construction. Although it proceeded with the publication of all requisite notices regarding construction at such site, it began to consider alternate sites. By December 30, 1999, serious consideration was given to the Village's former water/sewerage treatment plant located on Riverside Drive. Again completing the requisite EAF under SEQRA (*see*, 6 NYCRR 617.6), the Board thereafter notified the public of a hearing scheduled for January 18, 2000 where construction of the fire station at this site, along with its environmental impact, would be considered. After reviewing the environmental issues noted in the EAF and providing the public with an opportunity to comment thereon, it issued an oral resolution to file a negative declaration (*see*, 6 NYCRR 617.7).

Petitioners, owners of real property located on or in the vicinity of Riverside Drive, commenced this CPLR article 78 proceeding to, *inter alia*, annul the issuance of the negative declaration and enjoin respondents from proceeding with construction of the fire station at such site until they fully complied with the procedural and substantive requirements of SEQRA. Supreme Court dismissed the petition, prompting this appeal.

It is well settled that "an administrative agency's SEQRA determination should be upheld if the agency 'identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination'" (*Matter of Citizens Accord v Town Bd.*, 192 AD2d 985, 987, *lv denied* 82 NY2d 656, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417). In deciding whether a proposed action will have a significant adverse impact on the environment, the agency is duty bound to "consider reasonably related effects 'including other simultaneous or subsequent actions which are: (1) included in any long-range plan of which the action under consideration is a part; (2) likely to be undertaken as a result thereof; or (3) dependent thereon'" (*Matter of Village of Westbury v Department of Transp.*, 75 NY2d 62, 68, quoting 6 NYCRR 617.11 [b]; *see*, *Matter of Long Is. Pine Barrens Socy. v Planning Bd.*, 80 NY2d

500, 512-513; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 205-206; *Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364; *Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp.*, 157 AD2d 1, 9-11, *affd* 77 NY2d 970).

Here, implementation of the proposed action—construction of a new fire station on the site of the former wastewater treatment plant—necessarily included the demolition of such plant. Petitioners' contention that respondents violated SEQRA by failing to take the requisite "hard look" at the possible cumulative environmental effects that the simultaneous demolition of such plant would have on the construction of the new fire station is not supported by the record.

Even before the preparation of the EAF for this project, the Board recognized the environmental impacts which may result from the dismantling of the wastewater treatment plant. Through the Village Superintendent of the Department of Public Works, communications were established with the Department of Environmental Conservation which, by letter dated November 1, 1999, specifically addressed concerns raised regarding solid waste removal in connection with the demolition of the plant. Notably, the generation of such solid waste was addressed and discussed in the EAF. Further indicated therein was a preliminary analysis by the Board that construction of the proposed fire station on such site would have a "small to moderate" impact on the surrounding land. Still prior to the adoption of the negative declaration, respondents conducted a public hearing specifically noticed to address both the location of the fire station and the environmental significance of its construction.

In our view, the Board properly weighed the comments made at the public hearing along with its research to formulate the conclusion that no substantially adverse environmental impacts were associated with the construction of the proposed fire station. As reflected in the resolution authorizing the issuance of the negative declaration, the Board considered whether there would be any substantial change in existing air quality, ground or surface water quality or quantity, or whether there would be a substantial increase in solid waste production which could effect erosion, flooding, leeching or drainage. The Board also noted that the site formerly housed the Village's wastewater treatment plant, yet such plant had been inactive since 1995; "[a]ny remaining sludge retained at the site was removed by January 2000, and the two digesters located on the site are to be removed." Its next relevant inquiry concerned the re-

moval or destruction of vegetation or fauna or whether there would be a "substantial interference with the movement of any resident or migratory fish or wildlife species" or impact, in any manner, on a significant habitat area. Again respondents acknowledged that the proposed site was previously developed to serve as the wastewater treatment facility and that all plant structures would have to first be removed prior to the construction of the fire station; again no impact was noted.

These facts belie any contention that the Board segmented the two phases of this project when it identified relevant areas of environmental concern. The Board took the requisite "hard look" at all relevant issues and ultimately articulated a reasoned determination to support its decision to issue a negative declaration (*see, Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, *supra*; *Matter of Village of Westbury v Department of Transp.*, 75 NY2d 62, *supra*; *cf., Matter of Long Is. Pine Barrens Socy. v Planning Bd.*, 80 NY2d 500, *supra*; *Matter of Stewart Park & Reserve Coalition v New York State Dept. of Transp.*, 157 AD2d 1, *supra*).

Mercure, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.