■ In the Matter of DEFREESTVILLE AREA NEIGHBORHOODS ASSOCIATION, INC., et al., Respondents, v TOWN BOARD OF THE TOWN OF NORTH GREENBUSH et al., Respondents, and FRANK NIGRO III, Appellant. [750 NYS2d 164] —Spain, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered July 24, 2001 in Rensselaer County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, inter alia, annul a resolution of respondent Town Board of the Town of North Greenbush issuing a negative declaration of environmental significance.

This proceeding arises out of the February 2000 application of respondents John Gallogly and Thomas Gallogly to respondent Town Board of the Town of North Greenbush (hereinafter the Board) for the rezoning of an undeveloped 35-acre meadow and woodland owned by the Galloglys and located at the intersection of Routes 4 and 43 in the Town of North Greenbush, Rensselaer County. The Galloglys, along with their developer, respondent Frank Nigro III (hereinafter respondent), sought to have the property rezoned from a combination

of professional business district and residential single family designations to a general business zone to permit the construction of a retail shopping center on the site. A full environmental assessment form (hereinafter EAF) prepared by respondent and dated March 14, 2000 was submitted in support of the rezoning application. With few exceptions, respondent's assessment reflects that the proposed 231,000 square foot shopping center would have little or no negative environmental impact on the community or the neighborhood. Following a public hearing on the issue and several revisions to the EAF, the Board—by a four to one vote—adopted a negative declaration of environmental significance (see 6 NYCRR 617.2 [y]) and approved the rezoning.

Petitioners, including owners of residential properties which are near or adjacent to the parcel in question, then commenced the instant combined proceeding pursuant to CPLR article 78 and action for declaratory judgment against the Board, the Galloglys and respondent. In the petition, it was alleged that, among other things, the Board's adoption of the negative declaration was in violation of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA). In a thorough and well-reasoned decision, Supreme Court agreed, concluding that the "negative declaration was issued without [the Board] even considering most of the obvious negative environmental effects on the neighboring residential areas and the town that would result once the land is redeveloped after the proposed rezoning." Accordingly, Supreme Court granted petitioners' application, vacated the Board's negative declaration and rezoning of the parcel and remitted the matter to the Board for de novo environmental review. Respondent alone now appeals, and we affirm.

"As a matter of environmental law, rezoning is an 'action' subject to SEQRA" (*Matter of Neville v Koch*, 79 NY2d 416, 426 [citations omitted]), and in this case requires the submission of an EAF (see 6 NYCRR 617.2 [m]; 617.6 [a] [2]). If the EAF demonstrates that the action proposed "may have a significant effect on the environment," an environmental impact statement (hereinafter EIS) must be prepared (ECL 8-0109 [2]). SEQRA expansively defines "environment" as "the physical conditions which will be affected by a proposed action, including land, air, water, minerals, flora, fauna, noise, objects of historic or aesthetic significance, existing patterns of population concentration, distribution, or growth, and existing community or neighborhood character" (ECL 8-0105 [6]). It is undisputed here that the rezoning at issue would constitute a

type I action within the meaning of state environmental regulations (*see* 6 NYCRR 617.4 [b] [2], [3]; [6] [i]) and, as such, an EIS is presumptively necessary in connection with such action, although not an absolute requirement (*see Matter of Wilkinson v Planning Bd. of Town of Thompson,* 255 AD2d 738, 739, *lv denied* 93 NY2d 803). Furthermore, in determining whether a given action "may" have a significant effect on the environment, the agency should consider reasonably related effects of the action, "including other simultaneous or subsequent actions which are: (1) included in any long-range plan of which the action under consideration is a part; (2) likely to be undertaken as a result thereof; or (3) dependent thereon" (17 NYCRR 15.11 [b]; *see Matter of Sabad v Houle,* 283 AD2d 851, 852).

The record of this proceeding clearly reveals an effort by respondent and the Town to dilute the nature of the action subject to environmental review *from* the construction of a "231,000 sq. ft. retail shopping center with public water and sewer service," as described by respondent in the initial (March 14, 2000) EAF—which included estimates related to the proposed retail complex, such as the number of jobs created, parking spaces required, number of vehicular trips per hour generated, tons of garbage per month and gallons of water consumed per day—*to,* simply, the "proposed rezoning of Gallogly property" as stated in the fourth and final EAF (December 14, 2000) drafted by the Town Engineer and approved by the Board. Indeed, we agree with Supreme Court that the record as a whole belies the Board's statement, in the negative declaration, that "no construction project has been proposed" for the area subject to rezoning. To the contrary, although no specific site plan has been developed for the property, the rezoning request was unquestionably made in specific contemplation of constructing a shopping center or "big box" retailer on the site.

We find that the " 'rezoning involved here is but the first step in the process of developing the property' " (*Matter of New York Canal Improvement Assn. v Town of Kingsbury,* 240 AD2d 930, 932, quoting *Matter of Brew v Hess,* 124 AD2d 962, 964; *see Matter of Town of Coeymans v City of Albany,* 284 AD2d 830, 835, *lv denied* 97 NY2d 602). Indeed, "a fundamental and necessary prerequisite to the act of construction is the acquisition of the *right to construct* on a particular parcel of property" (*Matter of Town of Coeymans v City of Albany, supra* at 835 [emphasis in original]; *cf. Matter of Buerger v Town of Grafton,* 235 AD2d 984, 986, *lv denied* 89 NY2d 816). Under these circumstances, the Board was obligated to consider the impacts to be expected from such future development at the time of rezon-

ing, even absent a specific site plan for the project proposal (*see Matter of Citizens Concerned for Harlem Val. Envt. v Town Bd. of Town of Amenia*, 264 AD2d 394, 394, *lv denied* 94 NY2d 759; *Matter of Eggert v Town Bd. of Town of Westfield*, 217 AD2d 975, 976, *lv denied* 86 NY2d 710; *Matter of Brew v Hess*, *supra* at 964-965; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford*, 106 AD2d 868, 869, *appeal dismissed* 66 NY2d 896).

Instead, the Board considered the rezoning generically—comparing the impacts of retail development of the property as opposed to development of the property as currently zoned—and specifically declared that no determination would be made on "issues that will arise only when an actual construction project is proposed for the site." We conclude—and respondent conceded at oral argument—that this separation of the zoning phase of the project from the development phase is a form of segmentation of the environmental review process (*see* 6 NYCRR 617.2 [ag]; *Matter of Citizens Concerned for Harlem Val. Envt. v Town Bd. of Town of Amenia*, *supra* at 394; *Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark*, 253 AD2d 752, 753-754, *lv denied* 93 NY2d 808; *Matter of the Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford*, *supra* at 869). Ordinarily, considering only a part of a larger proposed action is disfavored and will only be allowed when the agency conducting environmental review clearly sets forth the reasons supporting segmentation and "demonstrate[s] that such review is clearly no less protective of the environment" (6 NYCRR 617.3 [g] [1]; *see Matter of Concerned Citizens for Envt. v Zagata*, 243 AD2d 20, 23, *lv denied* 92 NY2d 808). Here, the Board provided no such justification for its actions; instead, it attempted to transform the proposed project—on paper—in a manner designed to disconnect the zoning change from the actual development of the property.

This type of segmented review runs the risk of obscuring potentially contentious issues until they surface much later in the review process, a situation which may ultimately interfere with meaningful environmental review. By splitting a proposed project into independent stages, the developer may succeed in "making it more palatable to the reviewing agency and community" (*Matter of Schultz v Jorling*, 164 AD2d 252, 255-256, *lv denied* 77 NY2d 810) and, thus, improperly accomplish the first step of an ultimately environmentally significant action while temporarily sidestepping concerns of the community and the Board about the actual impact of developing the parcel. By failing to evaluate all reasonably anticipated impacts on the

community of a large retail shopping center, the Board abrogated its responsibility of considering the impact of measures "likely to be undertaken as a result" of the rezoning and "dependent thereon" (17 NYCRR 15.11 [b]; *see Matter of Sabad v Houle, supra* at 852-853; *Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 68).

Under the specific circumstances presented, it was error for the Board to limit its analysis to comparing the maximum build-out permitted under existing zoning conditions to the maximum build-out permitted under the requested zoning. Because the proposal here is "the type of action, involving the rezoning of specific parcels, which can be characterized as the first step in a process which will culminate in the final development of a particular project" (*Matter of People for Westpride v Board of Estimate of City of N.Y.*, 165 AD2d 555, 558, *lv denied* 78 NY2d 855), rather than a truly generic rezoning request, the Board should have considered the impacts associated with the actual change in use resulting from the action, here, the development of undeveloped meadow and woodland into a retail shopping center (*see Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford, supra* at 869; *see also Matter of Golden Triangle Assoc. v Town Bd. of Town of Amherst*, 185 AD2d 617, 618; *but cf. Riverhead Bus. Improvement Dist. Mgt. Assn. v Stark, supra* at 752). Postponing review of the full impacts of future development gives the illusion that the zoning change is insignificant from an environmental perspective because a full build-out in the existing professional business district zone might have just as much impact on the environment as developing the property in the proposed general business zone. The actual long-range consequence of the proposed action, however, is that the community will be altered by the development of a retail shopping plaza on currently undeveloped land.

In sum, the approach taken by the Board runs afoul of "SEQRA's fundamental policy * * * to inject environmental considerations directly into governmental decision-making at the earliest possible time so that agencies conduct their affairs in a manner which will protect the environment" (*Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd*, 165 AD2d 578, 580-581, *affd* 79 NY2d 373; *see Matter of Neville v Koch*, 79 NY2d 416, 426, *supra*; *Matter of Coca-Cola Bottling Co. of N.Y. v Board of Estimate of City of N.Y.*, 72 NY2d 674, 679; *Matter of Roosevelt Islanders for Responsible Southtown Dev. v Roosevelt Is. Operating Corp.*, 291 AD2d 40, 51, *lvs denied* 97 NY2d 613, 98 NY2d 608). In light of our conclusion

that the Board improperly limited the nature and scope of environmental review, we agree with Supreme Court that the proper remedy is a remittal to the Board for de novo environmental review of the proposed action, consistent with this opinion (*see Matter of Sutton v Board of Trustees of Vil. of Endicott*, 122 AD2d 506, 509).

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.