■ In the Matter of ASSOCIATION FOR THE PROTECTION OF THE ADIRONDACKS, INC., et al., Appellants, v TOWN BOARD OF TOWN OF TUPPER LAKE et al., Respondents. [882 NYS2d 534]—

Rose, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered November 2, 2007 in Franklin County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Town Board of the Town of Tupper Lake enacting Local Law No. 2 (2006) of the Town of Tupper Lake.

Respondents Preserve Associates, LLC, Big Tupper, LLC and Tupper Lake Boat Club, LLC are potential developers of a project consisting of over 6,000 acres of land in the Town of Tupper Lake, Franklin County, which they are purchasing from respondent Nancy Hull Godshall, as trustee of respondent Oval Wood Dish Liquidating Trust (hereinafter collectively referred to as the developers). The project, known as the Adirondack Club and Resort, is one of the largest ever proposed for New York State's six-million acre Adirondack Park. Petitioners are 36 individuals and one limited liability company, all of whom own property adjoining or in close proximity to the land to be used for the project, as well as the Association for the Protection of the Adirondacks, Inc. and the Residents' Committee to Protect the Adirondacks, Inc., not-for-profit corporations whose purposes include protection of the Adirondack Park's environment.

In April 2005, the developers submitted an application for review and approval of their project to the Adirondack Park Agency (hereinafter the APA), the governmental entity primarily responsible for land use and development within the Adirondack Park (*see* Executive Law art 27). The APA classified the project as a class A regional project, subject to its most stringent review (*see* Executive Law §§ 809, 810), but deemed the application incomplete until, among other things, the land to be used for the project was rezoned as a planned development district (hereinafter PDD). In response, the developers requested the required rezoning from respondent Town Board of the Town of Tupper Lake (hereinafter Board). In considering

that request, the Board deemed the rezoning to be one step in the overall project or "action" as that term is defined in the regulations promulgated by the Department of Environmental Conservation (hereinafter DEC) (*see* 6 NYCRR 617.2 [b] [1], [3]) under the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]). Noting that the action was a class A project subject to the APA's jurisdiction, and relying upon the applicable SEQRA regulations, the Board determined that the rezoning was a type II action and no SEQRA review was required on its part (*see* 6 NYCRR 617.5 [a], [c] [36]; 6 NYCRR 617.6 [a] [1] [i]). The Board then enacted Local Law No. 2 (2006) of Town of Tupper Lake, which rezoned the project's land as a PDD, making the geographical area rezoned correspond exactly with the geographical area of the project.

Petitioners then commenced this CPLR article 78 proceeding challenging the Board's legislative action on the grounds that, among other things, the Board failed to conduct full SEQRA review of the project before rezoning the land to be used for that purpose.[1] The Board, respondent Town of Tupper Lake and the developers moved for dismissal of the proceeding, and petitioners cross-moved for summary judgment on the petition. Supreme Court concluded that the Board properly had found the action to be exempt from SEQRA review and had complied with the procedural requirements of the Town's Land Use Code before granting the rezoning. Accordingly, the court denied petitioners' cross motion and dismissed the petition. Petitioners now appeal, and we affirm.

In light of the APA's comprehensive jurisdiction of the project proposed here (*see* Executive Law § 809), the fact that the area rezoned is coextensive with the project and the statutory exemption of such projects from the requirements of ECL 8-0109 (2) (*see* ECL 8-0111 [5] [c]), Supreme Court properly determined that the Board had not been required to do an environmental review of the project before enacting the rezoning.[2] The APA is charged with the duty to ensure that certain projects within its jurisdiction "would not have an undue adverse impact upon the natural, scenic, aesthetic, ecological, wildlife, historic, recreational or open space resources of the park" (Executive Law § 809 [9], [10] [e]). This environmental mandate predated

---

**1.** Although styled as a combined proceeding pursuant to CPLR article 78 and declaratory judgment action, the relief requested by petitioners is solely in the nature of CPLR article 78.

**2.** Given the coextensive nature of the rezoning and the project here, there is no need to consider, as the concurrence does, whether the statute's exemption relieves state and local agencies from all or only the procedural requirements of SEQRA.

SEQRA (*see* L 1973, ch 348; L 1975, ch 612, § 1) and, as reflected in the APA's regulations (*see* 9 NYCRR parts 570-588), it is more protective of the environment (*compare* ECL 8-0109 [1]). Accordingly, to avoid unnecessary duplication of review, the Legislature excluded actions subject to the APA's review from the requirements of SEQRA (*see* ECL 8-0111 [5] [c]).

Since "[t]he entire set of activities or steps must be considered the action" (6 NYCRR 617.3 [g]), and the zoning enacted here was solely for and coextensive with the proposed project, the Board correctly viewed it as only one step in a single action which is subject to the APA's review (*see Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush*, 299 AD2d 631, 633-634 [2002]; *Matter of Schodack Concerned Citizens v Town Bd. of Town of Schodack*, 148 AD2d 130, 133-134 [1989], *lv denied* 75 NY2d 701 [1989]; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford*, 106 AD2d 868, 869 [1984], *appeal dismissed* 66 NY2d 896 [1985]). Even if the rezoning were deemed a separate action, as DEC urges in its amicus curiae brief, the Board's action still would be exempt under 6 NYCRR 617.5 (c) (27), which covers legislative enactments in connection with any other action that is exempt under another paragraph of 617.5 (c), here 617.5 (c) (36). Inasmuch as the project was exempt from SEQRA review under ECL 8-0111 (5) (c) and the rezoning for the project was exempt under either paragraph (27) or (36) of 6 NYCRR 617.5 (c), there is a rational basis for the Board's treatment of the rezoning as a subsidiary, type II action for which no SEQRA review was required even though such rezoning would otherwise be classified as a type I action (*see* 6 NYCRR 617.4 [b] [2], [3]; *Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush*, 299 AD2d at 632-633).

Although petitioners contend that the Board was required to conduct an environmental review of the project in coordination with the APA because there might be impacts of the rezoning that the APA would not review, we are unpersuaded. Given the APA's determination not to consider the developers' application until the rezoning occurred, as well as the uncertainty as to what the APA ultimately might approve, the only practical way for the Board to proceed was to condition the rezoning on a finding by the APA that the project would not have an adverse impact on the environment and provide for reversion to the former zoning if the APA did not issue a permit for the project. This is what the Board did here and its approach effectively precludes a different or unapproved project from taking advantage of the rezoning. Inasmuch as the APA's second rejec-

tion of the developers' application made clear that the rezoning was a prerequisite to further review and that some aspects of the project might be reduced in size or extent of use, the Board could not have known what environmental review might be needed before the project is finally approved by the APA.

Significantly, although the APA suggested coordination of its and the Board's environmental reviews, there is nothing in the record indicating that the APA would conduct any review of its own or agree to a limited review by the Board prior to the rezoning. Rather, the APA's segmentation of the project, as amplified by DEC's argument in its amicus curiae brief that the rezoning is an entirely separate action, effectively placed the entire burden of environmental review of the project upon the Board. As a result, there was no requirement or incentive for the APA to participate at the rezoning stage and no assurance that the proposed uses reviewed by the Board would bear any resemblance to those later approved by the APA. Moreover, given that all of the uses listed in the local law which created the PDD (see Local Law No. 1 [2006] of Town of Tupper Lake) are included in the list of uses subject to the APA's approval (see Executive Law § 805), it would seem impossible for any proposed PDD project to escape APA review. Nor does any party to this proceeding identify a specific, potential environmental impact of the rezoning on the Town that was overlooked by the Board and would not be encompassed in the APA's own review. Thus, even if it had been possible, coordination of the Board's review with the APA was not shown to be needed to assure full environmental review.

Since the rezoning enacted by the Board would not permit another project or landowner to make a use permitted in the PDD without environmental review by the APA, Supreme Court correctly concluded that SEQRA review by the Town was not needed to preclude such a possibility, and a judicial mandate of such review under these circumstances would be burdensome and duplicative with no foreseeable benefit.

Petitioners' remaining contentions have been examined and found to be lacking in merit.

Spain and Kavanagh, JJ., concur.

Peters, J. (concurring). In light of the unique and circumscribed facts of this case, we agree with the majority's ultimate conclusion. Initially, we agree that there was a rational basis for the finding of respondent Town Board of the Town of Tupper Lake (hereinafter Board) that the rezoning of the subject property in conjunction with the specific project proposed by the developers is a single "action" for purposes of the State

Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]; *Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush*, 299 AD2d 631, 633-634 [2002]; *Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford*, 106 AD2d 868, 869 [1984], *appeal dismissed* 66 NY2d 896 [1985]). We cannot agree, however, with the majority's conclusion that an "action" subject to the project review of the Adirondack Park Agency (hereinafter APA) is wholly excluded from the requirements of SEQRA. While "[a]ctions subject to the class A or class B regional project jurisdiction of the [APA]" are not subject to SEQRA's procedural requirements, namely, that an environmental impact statement be prepared for any action that may have a significant adverse effect on the environment (ECL 8-0111 [5] [c]; *see* ECL 8-0109 [2]), in our view, state and local agencies are not relieved from the substantive requirements contained within ECL 8-0109 (1) (*see Matter of Dudley Rd. Assn. v Adirondack Park Agency*, 214 AD2d 274, 280 [1995], *lv dismissed and denied* 87 NY2d 952 [1996]; *see generally* Weinberg, Practice Commentaries, McKinney's Cons Laws of NY, Book 17½, ECL 8-0111, at 351, 354). That is, in the context of the rezoning here, respondent Town of Tupper Lake remained bound by "SEQRA['s] . . . substantive requirements . . . to 'act and choose alternatives which, consistent with social, economic and other essential considerations, to the maximum extent practicable, minimize or avoid adverse environmental effects' " (*Akpan v Koch*, 75 NY2d 561, 570 [1990], quoting ECL 8-0109 [1]; *see Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416 [1986]; *Matter of Shawangunk Mountain Envtl. Assn. v Planning Bd. of Town of Gardiner*, 157 AD2d 273, 276 [1990]).

Nonetheless, given the circumscribed facts presented here—where the rezoning (1) is coextensive with the proposed project subject to APA review, (2) is conditioned on the ultimate approval by the APA that the project would not have an adverse effect on the environment, and (3) provides for a reversion to the former zoning if, among other things, the APA does not issue a permit for the project within 48 months—we believe that SEQRA's substantive requirements were satisfied. The enactment of SEQRA represents a legislative attempt "to ensure that state and local agencies consider the environmental impact of their proposed actions [and] . . . forces agencies to 'strike a balance between social and economic goals and concerns about the environment' " (*Matter of Spitzer v Farrell*, 100 NY2d 186, 190 [2003], quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 414; *see* ECL 8-0109 [1]). The APA, on the other hand, is not charged with such a balancing of goals and

concerns but, rather, is required to ensure that certain projects within its jurisdiction "would not have an undue adverse impact upon the natural, scenic, aesthetic, ecological, wildlife, historic, recreational or open space resources of the park" (Executive Law § 809 [9], [10] [e]). Clearly, by placing environmental concerns above all others, the APA's mandate is more protective of the environment than that embodied within SEQRA.

Here, the Town did more than address the environmental impacts along with other considerations; it elevated environmental concerns over and above all others by providing that the rezoning would stand if, and only if, the project was found to pass the more stringent environmental review performed by the APA. Moreover, the rezoning was an identical footprint of the project itself and there is no possibility that a different project or landowner could take advantage of the rezoning in the event that this particular project falls through. Under these unique circumstances, we agree that Supreme Court's judgment should be affirmed because the substantive requirements of SEQRA have been satisfied.

Kane, J., concurs. Ordered that the judgment is affirmed, without costs. [*See* 17 Misc 3d 1122(A), 2007 NY Slip Op 52119(U).]