In the Matter of ROTTERDAM VENTURES, INC., Appellant, v TOWN BOARD OF THE TOWN OF ROTTERDAM et al., Respondents. [935 NYS2d 698]—

Rose, J.

Petitioner is the owner of a former Army depot located in the Town of Rotterdam, Schenectady County, purchased as surplus military property from the United States in 1969 and operated since then as an industrial park. In 2008, respondent SYNC Realty Group, Inc. purchased a much smaller adjacent eight-acre parcel of surplus military property from the United States. The federal government had built numerous multifamily housing units on the parcel and used them as housing for military families from 1951 until SYNC purchased it in 2008. Although the housing complex and the much larger former depot/industrial park had both been zoned for industrial use since approximately 1955, the residential use of the smaller parcel was exempt from the Town's zoning ordinance while owned by the United States. The adoption of the Town's comprehensive plan

in 1988 continued the industrial zoning classification of both properties, and the zoning was not changed when the Town's comprehensive plan was revised in 2001 and again in 2009.

SYNC sought to continue to use its property as a multifamily housing complex but it failed to receive permission from the Town's Zoning Board of Appeals. SYNC then applied to respondent Town Board of the Town of Rotterdam (hereinafter Board) to rezone the property from industrial to residential and amend the Town's comprehensive zoning plan accordingly. The Town conducted an environmental quality review in accordance with the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), issued a negative declaration of environmental significance, held public hearings and granted the application. Petitioner then commenced this CPLR article 78 proceeding, challenging both the adoption of the SEQRA negative declaration and the rezoning. Supreme Court dismissed the petition, this appeal ensued and we now affirm.

Initially, we reject petitioner's contention that the Board violated SEQRA by failing to take the required "hard look" at the environmental impact of the rezoning. The Town's review was based on SYNC's avowed intention to continue the long-standing prior use of the property for multifamily residential purposes and the reduced adverse environmental effects of such residential uses as compared to the potential impact of far more intense industrial uses. Thus, contrary to petitioner's claim, the Board considered the impact of SYNC's actions "likely to be undertaken as a result" of the rezoning (17 NYCRR 15.11 [b] [2]; see Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush, 299 AD2d 631, 635 [2002]). In our view, the negative declaration reflects a detailed review of the relevant areas of environmental concern and provides substantial evidence to support Supreme Court's finding that the Board took the requisite hard look at the potential environmental impacts and made a reasoned elaboration of the basis for its determination (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 689-690 [1996]; Matter of Ellsworth v Town of Malta, 16 AD3d 948, 949 [2005]). Since the Board reasonably concluded that there would be no significant adverse environmental impacts, an environmental impact study was not required (see 6 NYCRR 617.7 [a] [2]; Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie, 3 NY3d 508, 520 [2004]).

Nor did the Town's action here constitute unlawful spot zoning. Generally, zoning determinations enjoy a strong presumption of validity and will only be overcome by a showing, beyond

a reasonable doubt, that the determination was arbitrary and unreasonable or otherwise unlawful (*see Asian Ams. for Equality v Koch*, 72 NY2d 121, 131 [1988]; *Boyles v Town Bd. of Town of Bethlehem*, 278 AD2d 688, 690 [2000]; *Matter of Save Our Forest Action Coalition v City of Kingston*, 246 AD2d 217, 221 [1998]). Spot zoning " 'is defined as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area for the benefit of the owner of said property to the detriment of other owners' " (*Matter of Citizens for Responsible Zoning v Common Council of City of Albany*, 56 AD3d 1060, 1062 [2008], quoting *Matter of Daniels v Van Voris*, 241 AD2d 796, 799 [1997]; *see Boyles v Town Bd. of Town of Bethlehem*, 278 AD2d at 690). In evaluating a claim of spot zoning, courts " 'may consider several factors, including whether the rezoning is consistent with a comprehensive land use plan, whether it is compatible with surrounding uses, the likelihood of harm to surrounding properties, the availability and suitability of other parcels, and the recommendations of professional planning staff' " (*Matter of Citizens for Responsible Zoning v Common Council of City of Albany*, 56 AD3d at 1062, quoting *Matter of Save Our Forest Action Coalition v City of Kingston*, 246 AD2d at 221).

Here, although the property abuts a portion of petitioner's industrial park, it also projects into an area of predominantly residential use. The Town, including its senior planner, concluded that rezoning the property so as to permit its continued use for residential purposes would benefit the community by retaining a transitional area between residential/commercial and industrial zones, whereas industrial use of the property would create an incongruity with the character of the existing neighborhood. Petitioner's reliance on the Town's failure to rezone the property as part of the 2001 and 2009 revisions of the comprehensive plan is misplaced, as the studies that supported that revision did not include an evaluation of SYNC's property. According to the Town's senior planner who oversaw the revisions, the industrial zoning classification for this property was simply continued without discussion or analysis. Under these circumstances, petitioner has failed to satisfy its heavy burden of showing that the Town's amendment of its comprehensive plan and rezoning of the property was arbitrary and unreasonable or otherwise unlawful (*see Matter of Citizens for Responsible Zoning v Common Council of City of Albany*, 56 AD3d at 1062; *Matter of Baumgarten v Town Bd. of Town of Northampton*, 35 AD3d 1081, 1083-1084 [2006]; *Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 617 [1998], *lv denied* 93 NY2d 803 [1999]; *Matter of Save Our Forest Action Coalition v City of Kingston*, 246 AD2d at 221).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.