Stein, J.
Respondents Maria Iovinella, Robert Iovinella and Aladin Properties, LLC (hereinafter collectively referred to as Aladin) own two adjacent parcels of real property — a 2.34-acre parcel improved by a house and a barn and a one-acre vacant lot— located in the Town of Rotterdam, Schenectady County (hereinafter the subject property). Petitioners are nearby residential property owners. In December 2001, respondent Town Board of the Town of Rotterdam adopted a comprehensive plan pursuant to Town Law § 272-a that allegedly included, among other things, a change in the zoning designation for the subject property from agricultural to either industrial or light industrial.[1] However, inasmuch as the Town Board never took further legislative action to rezone the property, it remained zoned as agricultural.
In the years subsequent to the adoption of the comprehensive plan, the Town continued to examine its zoning policies and various land use studies were completed as part of the Town’s efforts to implement such plan. As relevant here, the subject property was within the lands that were examined in a 2004 study — which included, among other things, the area around Exit 25A of the Thruway (hereinafter the Exit 25A study) — and was part of a proposed land use map (hereinafter the Exit 25A map) of the Exit 25A study area. The Exit 25A map indicated that the land use zoning classification of the subject property would be changed from industrial to professional office residen *1019 tial (hereinafter POR),[2] a use which would allow professional offices to be intermingled with residential uses, so long as they are housed in existing residential structures. In February 2009, the Town Board adopted a resolution that amended the comprehensive plan to incorporate the Exit 25A study and Exit 25A map. However, once again, the Town Board did not take any further legislative action to amend the zoning of the subject property in accordance with the comprehensive plan.
In March 2009, Aladin applied to the Town Board for a change of zoning for the subject property to B-2, a general business zone.[3] Thereafter, public hearings were held before the Town’s planning commission, at which Aladin and others appeared. In March 2010, the Town Board adopted Resolution No. 107.10, which consisted of a negative declaration of environmental impact pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) with regard to the rezoning. The Town Board also adopted Resolution No. 108.10, which approved the rezoning of the subject property to B-2. Petitioners then commenced this CPLR article 78 proceeding seeking to annul the Town Board’s determination to amend the Town’s zoning law, Exit 25A map and comprehensive plan and to set aside the Town’s declaration that the rezoning had no significant effect on the environment. Supreme Court dismissed the petition and this appeal ensued.
Petitioners first claim that the rezoning of the subject property impermissibly conflicts with the Town’s comprehensive plan. A town’s zoning determination is entitled to a strong presumption of validity; therefore, one who challenges such a determination bears a heavy burden of demonstrating, “beyond a reasonable doubt, that the determination was arbitrary and unreasonable or otherwise unlawful” (Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d 1360, 1361-1362 [2011]; see Matter of Town of Bedford v Village of Mount Kisco, 33 NY2d 178, 186 [1973]; Matter of Citizens for Responsible Zoning v Common Council of City of Albany, 56 AD3d 1060, 1062 [2008]). Generally, town land use regulations must be in compliance with a town’s comprehensive plan in order to limit ad hoc or “spot” zoning, which affects the land of only a few without proper concern for the needs or design of the *1020 entire community (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 685 [1996]). Thus, in reviewing whether a zoning change is contrary to a town’s comprehensive plan, we must ultimately consider, among other things, whether the change “ conflicts] with the fundamental land use policies and development plans of the community” (id. [internal quotation marks and citations omitted]). In our view, petitioners have not met their burden of showing such a conflict here.
The record reflects that the Town’s rezoning of the subject property was consistent with the overall land use policies and development plans as enunciated in the comprehensive plan and was adopted for the legitimate governmental purpose of benefitting the community as a whole through economic development (see Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]; Matter of Rossi v Town Bd. of Town of Ballston, 49 AD3d 1138, 1144 [2008]). The Exit 25A study area was identified as appropriate for commercial and industrial growth and designated for future industrial growth which, under the Town’s amended comprehensive plan that was adopted after exhaustive studies, represented the Town’s position as to the highest and best use for this area. The subject property is located on Route 7, within 500 feet of the on-ramps of an interstate highway at its intersection with the Thruway, directly across from property zoned B-2 — containing a truck stop and fast-food restaurants— and surrounded on three sides by business and commercial zones. Thus, although the fourth side adjacent to the subject property — where petitioners’ properties are located — is zoned for agricultural use and includes single family residential parcels, petitioners have not demonstrated that the Town has impermissibly “singl[ed] out a small parcel of land for a use classification totally different from that of the surrounding area” (Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1362 [internal quotation marks and citations omitted]; accord Matter of Baumgarten v Town Bd. of Town of Northampton, 35 AD3d 1081, 1084 [2006]). The mere fact that the Exit 25A map proposed that the subject property be zoned POR does not render the Town Board’s determination inconsistent with the overall scheme as evidenced in the comprehensive plan (see Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1362). Accordingly, on this record, we cannot say that petitioners have met their heavy burden of showing that the determination was improper due to a conflict with the comprehensive plan.
Nevertheless, we find merit to petitioners’ argument that the Town Board failed to comply with the substantive requirements *1021 of SEQRA in that it did not identify the relevant areas of environmental concern, take a hard look at them and make a reasoned elaboration of the basis for its determination (see Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007]; Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1385 [2011], lv denied 17 NY3d 705 [2011]). “As a matter of environmental law, rezoning is an ‘action’ subject to SEQRA” (Matter of Neville v Koch, 79 NY2d 416, 426 [1992] [citation omitted]; see Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1361; Matter of Argyle Conservation League v Town of Argyle, 223 AD2d 796, 797 [1996]). “Furthermore, in determining whether a given action ‘may’ have a significant effect on the environment, the agency should consider reasonably related effects of the action, including other simultaneous or subsequent actions which are: (1) included in any long-range plan of which the action under consideration is a part; (2) likely to be undertaken as a result thereof; or (3) dependent thereon” (Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush, 299 AD2d 631, 633 [2002] [internal quotation marks and citations omitted]).
Here, the notice of determination relied extensively on a letter provided to the Town Board just two days earlier by Aladin’s engineer. Although the notice references, among other things, the Exit 25A study, such study does not comprehensively address the potential environmental issues specifically related to the effects of a B-2 zoning designation of the subject property. For example, there is no indication in the record that petitioners’ concerns regarding the potential loss of a “buffer zone” between their residential properties and the commercial and industrial zones along Route 7 were addressed in any meaningful way. Moreover, while the Exit 25A study indicated that the traffic generated in a B-2 zone would make it one of the most traveled zones, the notice of determination identified no significant noise or visual impacts resulting from the requested rezoning. Additionally, despite a general statement in the notice of determination that Aladin’s application information was transmitted to all involved agencies and that comments and concerns from those agencies had been addressed, there is no evidence in the record of what those comments and concerns entailed or how they were addressed. In fact, while the notice of determination identifies relevant areas of environmental concern, rather than making an actual assessment of the potential impact of the proposed zoning changes as it should have (see Matter of Brew v Hess, 124 AD2d 962, 964 [1986]; compare Matter of Neville v Koch, 79 NY2d at 427; Matter of *1022 Argyle Conservation League v Town of Argyle, 223 AD2d at 797-798), the Town Board completely deferred any consideration of criteria set forth in 6 NYCRR 617.7 (c) and 617.11 (d) until the submission of an actual proposed site plan. Because the Town Board failed to take the requisite hard look at the environmental impacts of development of the subject property for commercial use, both the negative declaration and the resolution that rezoned the property must be annulled (see 6 NYCRR 617.3 [a]; Matter of Defreestville Area Neighborhoods Assn. v Town Bd. of Town of N. Greenbush, 299 AD2d at 633-636).
The parties’ remaining contentions have been considered and are either academic or without merit.
Peters, RJ., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as found that respondent Town Board of the Town of Rotterdam took the requisite hard look prior to making a negative declaration; petition granted to that extent and Resolution Nos. 107.10 and 108.10 annulled; and, as so modified, affirmed.

. Inasmuch as the 2001 comprehensive plan is not in the record before us, we cannot ascertain the exact proposed zoning designation change.

. POR is a completely new proposed zoning designation, which has never been included in the Town’s zoning law (see Code of the Town of Rotterdam ch 270).

. Of the two business zoning designations that exist in the Town’s zoning code, B-2 is the less restrictive zone (see Code of the Town of Rotterdam, ch 270, art X).