Stein, J.P
Appeals (1) from a judgment of the Supreme Court (Platkin, J.), entered May 30, 2012 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, partially granted certain respondents’ motions to dismiss the amended petition/complaint, and (2) from a judgment of said court, entered November 30, 2012 in Albany County, which, among other things, granted certain respondents’ motions for summary judgment dismissing the amended petition/complaint.
Respondent Shelco Development LLC (hereinafter the developer) proposed a 75-lot subdivision — now known as Forest Hills — in the Town of Colonie, Albany County. Respondent Planning Board of the Town of Colonie granted the developer concept approval in January 2002. The Town subsequently adopted a comprehensive plan (see Town Law § 272-a) and, in January 2007, passed Local Law No. 1 (2007) of the Town of Colonie, which amended the Town’s Land Use Law to, among other things, provide for conservation overlay districts — including the location of the proposed Forest Hills development — that were consistent with conservation areas set forth in the comprehensive plan. Local Law No. 1 (2007) contained a grandfathering provision exempting from its zoning requirements any subdivision plan that had previously received concept approval from the Planning Board and that either received final site plan approval by the beginning of 2009 or filed final subdivision plans by the beginning of 2010. The deadlines in Local Law No. 1 (2007) of the Town of Colonie for filing final subdivision plans or receiving final site plan approval were extended by the enactment of Local Law No. 14 (2007) of the Town of Colonie and, thereafter, through a series of Local Laws adopted between 2008 and 2012, including Local Law No. 14 (2011) of the Town of Colonie. The last of such extensions, Local Law No. 2 (2012) of the Town of Colonie, applied exclusively to named subdivisions, including Forest Hills, which had “taken significant steps *1185 in advancing through the approval process during calendar year 2011” and required final subdivision plans to be filed on or before June 30, 2012.
Meanwhile, following a public hearing in December 2011, the Planning Board approved the final subdivision plan for Forest Hills and the developer filed the final subdivision plan with the Town Clerk in January 2012. One month later, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging the Planning Board’s subdivision approval. In May 2012, after pre-answer motions by the Town, the Planning Board and the developer, Supreme Court, among other things, dismissed all but petitioners’ first cause of action challenging the grandfathering amendments.[1] Following joinder of issue, the developer and other respondents moved and cross-moved for summary judgment dismissing the petition/complaint and petitioners cross-moved for summary judgment in their favor. In November 2012, Supreme Court denied petitioners’ cross motion, granted respondents’ motions and dismissed the petition/complaint. Petitioners now appeal both judgments and we affirm.
Petitioners primarily argue that the repeated renewals of the first grandfathering provision were unlawful because they did not comport with the Town’s comprehensive plan, rendering approval of the developer’s subdivision plan invalid.[2] We disagree. “A town’s zoning determination is entitled to a strong presumption of validity; therefore, one who challenges such a determination bears a heavy burden of demonstrating, ‘beyond a reasonable doubt, that the determination was arbitrary and unreasonable or otherwise unlawful’ ” (Matter of Bergami v Town Bd. of the Town of Rotterdam, 97 AD3d 1018, 1019 [2012], quoting Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d 1360, 1361-1362 [2011]; see Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]). While “[z]oning laws must be enacted in accordance with a comprehensive land use plan” (Rocky Point Drive-In, L.P. v Town of Brookhaven, 21 NY3d 729, 734 n 1 [2013]; see Town Law § 263), to establish compliance, “respondents need only show that the zoning amendment was adopted for ‘a legitimate governmental purpose’ ” and the amendment will not be considered arbitrary unless “ ‘there is no reasonable relation between the end sought *1186 to be achieved by the regulation and the means used to achieve that end’ ” (Matter of Rossi v Town Bd. of Town of Ballston, 49 AD3d 1138, 1144 [2008], quoting Fred F. French Inv. Co. v City of New York, 39 NY2d 587, 596 [1976], appeal dismissed, cert denied 429 US 990 [1976]).
We reject petitioners’ contention here that the amendments to the initial grandfathering provision enacted in 2007 were improperly adopted without a careful study by the Town to ensure compliance with the comprehensive plan.[3] As set forth in the comprehensive plan, the Town’s primary concerns included “ensuring the community remains a great place to live, work, and visit, attracting new industry and employment opportunities, and conserving the area’s natural resources and remaining open spaces.” The adoption of the initial grandfathering provision clearly evidenced and furthered the Town’s interest in balancing conservation measures with community development and, particularly, the interests of property owners who had, at the time the comprehensive plan was adopted, invested substantial time and money in developing their property in accordance with previous land use laws and zoning requirements (see Matter of Shop-Rite Supermarkets, Inc. v Planning Bd. of the Town of Wawarsing, 82 AD3d 1384, 1387 [2011], lv denied 17 NY3d 705 [2011]).
Petitioners have not shown that, under the circumstances here, the challenged extensions — amounting to a 2x/2-year period from the beginning of 2010 to the middle of 2012 — were inordinately lengthy as to render them “arbitrary and unreasonable or otherwise unlawful” (Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d at 1362; see Boyles v Town Bd. of Town of Bethlehem, 278 AD2d 688, 690 [2000]). In our view, such extensions were consistent with the comprehensive plan and were reasonably adopted to further the purposes of the original grandfathering provision. This is particularly true considering that Local Law No. 2 (2012), which created the final six-month extension for filing final subdivision plans, was tailored to apply exclusively to development proposals in which significant steps had been taken to advance through the approval process during the previous year.
Nor do we find merit to petitioners’ claim that the 2011 and 2012 extensions of the grandfathering provisions were ineffective because they were enacted after the previous extensions *1187 had expired. The Town had the authority to enact such provisions retroactively and its intent to do so is evident in the clear language of each local law (see Jacobus v Colgate, 217 NY 235, 240 [1916]). To the extent not specifically addressed herein, petitioners’ remaining contentions have been reviewed and found to be without merit.
McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the judgments are affirmed, without costs.

. Supreme Court also granted a cross motion by petitioners for leave to add necessary parties.

. Although petitioners appealed from the May 2012 judgment, they have abandoned that appeal by failing to address it in their brief (see Mills v Chauvin, 103 AD3d 1041, 1044 n 2 [2013]).

. Petitioners concede that Local Law No. 1 (2007) of the Town of Colonie was lawful. While they do not concede the lawfulness of any of the subsequent extensions, petitioners focus their challenge on the extensions contained in Local Law No. 14 (2011) and Local Law No. 2 (2012).