Matter of The Hgts. of Lansing, LLC v Village of Lansing (2018 NY Slip Op 02520)





Matter of The Hgts. of Lansing, LLC v Village of Lansing


2018 NY Slip Op 02520


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525097

[*1]In the Matter of THE HEIGHTS OF LANSING, LLC, et al., Appellants,
v VILLAGE OF LANSING et al., Respondents.

Calendar Date: February 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


True, Walsh & Sokoni, LLP, Ithaca (Khandikile Mvunga Sokoni of counsel), for appellants.
Barney Grossman Dubow & Troy, LLP, Ithaca (William J. Troy III of counsel), for respondents.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Faughnan, J.), entered March 2, 2017 in Tompkins County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, among other things, granted respondents' motion for summary judgment dismissing the petition/complaint.
Petitioners are the owners and managers of real property located in a subdivision known as Lansing Trails that is adjacent to a 19.5-acre parcel (hereinafter the subject property) that, since 1989, had been classified as a business and technology district (hereinafter BTD). This zoning classification was continued after respondent Village of Lansing first adopted a comprehensive plan in accordance with Village Law § 7-722 in 1999
and after the comprehensive plan was amended in 2015. In November 2016, respondents Donald Hartill, Ronny Hardaway, Gerry Monaghan, Patricia O'Rourke and John O'Neil, all members of the Village of Lansing Board of Trustees (hereinafter the Board), adopted Local Law No. 3 of the Village of Lansing (hereinafter Local Law No. 3), which rezoned the subject property as a high density residential district (hereinafter HDRD). Petitioners commenced this combined CPLR article 78 proceeding and declaratory judgment action to challenge Local Law No. 3, arguing that it (1) was adopted in violation of the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), (2) was not consistent with the comprehensive plan, and (3) constituted illegal spot zoning. Respondents answered and then moved for summary judgment dismissing the petition/complaint. Supreme Court granted the motion and dismissed the petition/complaint, [*2]and petitioners now appeal.
Initially, we reject petitioners' contention that Local Law No. 3 was enacted in violation of SEQRA. "Judicial review of an agency determination under SEQRA is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [internal quotation marks and citations omitted]). A determination "should be annulled only if it is arbitrary, capricious or unsupported by the evidence" (id. at 232).
The record confirms that prior to enacting Local Law No. 3, the Board, together with the Village Planning Board, held a number of meetings during which public comments were accepted. In addition, the Board considered materials submitted by the developers intending to construct a 140-unit apartment complex on the subject property — including a traffic study, an engineering report and a rental housing needs study. With the benefit of such input, the Board declared itself lead agency (see 6 NYCRR 617.6 [b] [1]), determined that the zoning change was an unlisted action (see 6 NYCRR 617.2 [ak]; 617.6 [a] [1] [iv]) and completed the short environmental assessment form (hereinafter EAF) (see 6 NYCRR 617.6 [a] [3]).
To complete the EAF, the Board concluded that the zoning change from commercial use to residential use, as a "down zoning request," would not materially conflict with the Village's comprehensive plan because, among other things, it was consistent with the Village's commitment to controlled residential development and preserving the noncommercial character of residential districts. Similarly, and because the rezoning would be consistent with existing land use, the Board determined that the zoning change (1) would have no impact on the quality or character of the community, (2) would not promote the development of a critical environmental area, (3) would not increase energy use, (4) would not impact public or private water supplies or wastewater treatment facilities, (5) would not impact historic archaeological, architectural or aesthetic resources, (6) would not increase the potential for erosion, flooding or drainage problems, and (7) would not create a hazard to environmental resources or human health. The Board also determined that there would be a minimal, though positive, impact on existing traffic patterns because, even if the maximum number of residential units were built and occupied, the number of daily trips would be less than that which would be generated by continued commercial use of the property. Similarly, the Board found that there would be a small and theoretically beneficial impact on the intensity of use because less land could be developed than if the subject property remained zoned for commercial use. Following its review of the completed EAF, the Board issued a negative declaration, determining that the rezoning would not have a significant adverse environmental impact (see 6 NYCRR 617.7 [b]).
Based on the foregoing, we conclude that petitioners' claim that respondents' SEQRA review was deficient because there was no consideration of the anticipated but not yet proposed residential development is belied by the record. A lead agency "need not investigate every conceivable environmental problem" during the course of SEQRA review (Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 307 [2009]), and "generalized community objections or speculative environmental consequences" are not sufficient to establish a SEQRA violation (Matter of Village of Chestnut Ridge v Town of Ramapo, 99 AD3d 918, 925-926 [2012] [internal citations omitted], lv dismissed and denied 20 NY3d 1034 [2013]). In our view, the Board identified and took the requisite hard look at the areas of environmental concern prior to issuing its negative declaration (see Matter of Friends of Shawangunks, Inc. v Zoning Bd. of Appeals of Town of Gardiner, 56 AD3d 883, 885 [2008]). Supreme Court thus properly held that the SEQRA determination was not arbitrary, capricious or [*3]affected by an error of law (see Matter of Gabrielli v Town of New Paltz, 116 AD3d 1315, 1318 [2014]; Matter of Citizens for Responsible Zoning v Common Council of City of Albany, 56 AD3d 1060, 1061-1062 [2008]).
Next, and contrary to petitioners' contention, the rezoning of the subject property from a BTD to an HDRD was not impermissible spot zoning nor was Local Law No. 3 adopted in contravention of the comprehensive plan (see Village Law § 7-722 [11])[FN1]. As a legislative act, a "zoning . . . amendment[] enjoy[s] a strong presumption of constitutionality and the burden rests on the party attacking [it] to overcome that presumption beyond a reasonable doubt" (Asian Ams. for Equality v Koch, 72 NY2d 121, 131 [1988]; see Matter of Rotterdam Ventures, Inc. v Town Bd. of the Town of Rotterdam, 90 AD3d 1360, 1361-1362 [2011]). A zoning amendment must, however, be adopted in accordance with a comprehensive plan (see Village Law § 7-722 [11]; Asian Ams. for Equality v Koch, 72 NY2d at 131; Matter of Birchwood Neighborhood Assn. v Planning Bd. of the Town of Colonie, 112 AD3d 1184, 1185 [2013]). Accordingly, spot zoning — defined as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area for the benefit of the owner of said property to the detriment of other owners" — is impermissible (Matter of Citizens for Responsible Zoning v Common Council of City of Albany, 56 AD3d at 1062 [internal quotation marks and citations omitted]). Fundamentally, and relevant here, if a zoning amendment is consistent with the municipality's comprehensive plan, it is not spot zoning (see Terry Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 63, Village Law
§ 7-722 at 45-46). A zoning amendment will be upheld if it is established that it was "adopted for a legitimate governmental purpose and . . . there is . . . [a] reasonable relation between the end sought to be achieved by the [amendment] and the means used to achieve that end" (Matter of Birchwood Neighborhood Assn. v Planning Bd. of the Town of Colonie, 112 AD3d at 1185-1186 [internal quotation marks and citations omitted]).
The record confirms that the subject property is directly adjacent to areas zoned for residential use and for commercial use. The Board noted that, consistent with the comprehensive plan, rezoning the subject property from a BTD to an HDRD would create a better transition between the two areas. Although petitioners argue that the proposed high-end residential development does not further the expected need for affordable housing expressed in the comprehensive plan, the zoning change does comport with the community's general need for rental housing and the goal — expressed in the plan — to encourage the development of "a broad range" of housing options, particularly for an aging population. In our view, Local Law No. 3 was consistent with the Village's comprehensive plan and was "calculated to benefit the community as a whole as opposed to benefitting individuals or a group of individuals" (Asian Ams. for Equality v Koch, 72 NY2d at 131; see Daniels v Van Voris, 241 AD2d 796, 798 [1997]). Under the circumstances, petitioners have failed to demonstrate that the rezoning was arbitrary, unreasonable or unlawful (see Matter of Citizens for Responsible Zoning v Common Council of City of Albany, 56 AD3d at 1062).
McCarthy, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Because the legal issue — though not the statutory reference — was raised before Supreme Court, we reject respondents' argument that petitioners failed to preserve their argument that Local Law No. 3 was enacted in violation of Village Law § 7-722 (see Geraci v Probst, 15 NY3d 336, 342 [2010]).